**Appeal No. 2022-1161**

# United States Court of Appeals For The Federal Circuit

ACQUISITION 362, LLC DBA STRATEGIC IMPORT SUPPLY,

*Plaintiff-Appellant*,

—v.—

UNITED STATES,

*Defendant-Appellee.*

Appeal from the United States Court of International Trade in Court No 20-cv-03762, Judge Stephen Alexander Vaden

## BRIEF FOR DEFENDANT-APPELLEE, UNITED STATES

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. MCCARTHY
Director

JUSTIN R. MILLER
Attorney-in-Charge
International Trade Field Office

AIMEE LEE
Assistant Director

HARDEEP KAUR JOSAN
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Deptment of Justice
26 Federal Plaza, Suite 346
New York, New York 10278
Tel. No. (212) 264-9245
Email: hardeep.k.josan@usdoj.gov
*Attorneys for Defendant-Appellee*

OF COUNSEL:

PAULA S. SMITH
Office of the Assistant Chief Counsel
International Trade Litigation
U.S. Customs and Border Protection

Dated: April 8, 2022

## TABLE OF CONTENTS

STATEMENT OF RELATED CASES........................................................1

STATEMENT OF THE ISSUES........................................................1

STATEMENT OF THE CASE........................................................2

I. FACTUAL BACKGROUND........................................................3

II. PROCEEDINGS BEFORE THE TRIAL COURT........................................................3

SUMMARY OF ARGUMENT........................................................6

ARGUMENT........................................................7

I. STANDARD OF REVIEW........................................................7

II. THE TRIAL COURT CORRECTLY HELD THAT IT LACKED SUBJECT MATTER JURISDICTION UNDER 28 U.S.C. § 1581(a)........8

III. THE TRIAL COURT PROPERLY DECLINED TO RECONSIDER ITS DISMISSAL OF THE ACTION AND PROPERLY DENIED AS FUTILE ACQUISITION'S REQUEST TO AMEND ITS COMPLAINT TO ASSERT 28 U.S.C. § 1581(i) JURISDICTION........................................................17

CONCLUSION........................................................22

## TABLE OF AUTHORITIES

**Cases**

*Acquisition 362, LLC DBA Strategic Import Supply v. United States*,
Slip Op. No. 21-46 (Ct. Int'l Trade Apr. 21, 2021) .......................................4

*Acquisition 362, LLC DBA Strategic Import Supply v. United States*,
Slip Op. No. 21-120 (Ct. Int'l Trade Sept. 20, 2021).....................................5

*Alden Leeds Inc. v. United States*,
476 F. App'x 393 (Fed. Cir. 2012) ............................................................ 10

*Am. Power Pull Corp. v. United States*,
121 F. Supp. 3d 1296 (Ct. Int'l Trade 2015) .................................................. 14

*American Air Parcel Forwarding Co., Ltd. v. United States*,
718 F.2d 1546 (Fed. Cir. 1983)................................................................ 18

*Carbon Activated Corp. v. United States,*
*6 F. Supp. 3d 1378 (Ct. Int'l Trade 2014), aff'd,*
*791 F.3d 1312 (Fed. Cir. 2015)* ..............................................................20

*Carbon Activated Corp. v. United States*,
791 F.3d 1312 (Fed. Cir. 2015)................................................ 15, 16, 19, 20

*Chemsol, LLC v. United States*,
755 F.3d 1345 (Fed. Cir. 2014)................................................................ 17

*Design Int'l Group, Inc. v. United States*,
113 F. Supp. 3d 1342 (Ct. Int'l Trade 2015) .................................................7

*Erwin Hymer Grp. N. Am., Inc. v. United States*,
930 F.3d 1370 (Fed. Cir. 2019)................................................................ 17

*Everflora Miami, Inc. v. United States*,
885 F. Supp. 243 (Ct. Int'l Trade 1995) ..................................................... 10

*Halperin Shipping Co., Inc. v. United States*,
742 F. Supp. 1163 (Ct. Int'l Trade 1990)................................................... 10

*Industrial Chemicals, Inc. v. United States*,
335 F. Supp. 3d 1327 (Ct. Int'l Trade 2018) .......... 10

*Int'l Custom Prods., Inc. v. United States*,
467 F.3d 1324 (Fed. Cir. 2006) .......... 18

*JCM, Ltd. v. United States*,
210 F.3d 1357 (Fed. Cir. 2000) .......... 7

*Juice Farms, Inc. v. United States*,
68 F.3d 1344 (Fed. Cir. 1995) .......... 10, 20

*Koike Aronson, Inc. v. United States,*
165 F.3d 906 (Fed. Cir. 1999) .......... 9

*McNutt v. Gen. Motors Acceptance Corp.*,
298 U.S. 178 (1936) .......... 8

*Ovan Int'l, Ltd. v. United States*,
49 F. Supp. 3d 1327 (Ct. Int'l Trade 2015) .......... 9

*Sunpreme Inc. v. United States*,
892 F.3d 1186 (Fed. Cir. 2018) .......... 17

*Techsnabexport, Ltd. v. United States*,
795 F. Supp. 428 (Ct. Int'l Trade 1992) .......... 7, 8

*United States v. Cotton*,
535 U.S. 625 (2002) .......... 7

*United States v. Uniroyal, Inc.*,
687 F.2d 467 (C.C.P.A. 1982) .......... 18

**Statutes**

19 U.S.C. § 1337 .......... 9

19 U.S.C. § 1500 .......... 9

19 U.S.C. § 1500(c) .......... 13

19 U.S.C. § 1500(d) .......... 13

19 U.S.C. § 1504 .......... 9

19 U.S.C. § 1514 .......... *passim*

19 U.S.C. § 1514(a) .......... 8, 9, 19

19 U.S.C. § 1514(a)(2) .......... 12

19 U.S.C. § 1514(a)(5) .......... 11, 13

19 U.S.C. § 1514(c)(3) .......... 9, 12

19 U.S.C. § 1514(c)(3)(A) .......... 2, 9, 11, 14, 16

19 U.S.C. § 1514(c)(3)(B) .......... 11, 12

19 U.S.C. § 1520 .......... 9

28 U.S.C. § 1581(a) .......... *passim*

28 U.S.C. § 1581(i) .......... *passim*

**Regulations**

19 C.F.R. § 159.1 .......... 11, 13

## STATEMENT OF RELATED CASES

In accordance with Rule 47.5 of the Rules of the United States Court of Appeals for the Federal Circuit, counsel for Appellee makes the following statements:

1. There are no other appeals arising from the trial court decision that is the subject of this action now pending before this or any other court of appeals.

2. There are no other cases pending in this or any other court that may directly affect or be directly affected by this Court's decision in this appeal.

## STATEMENT OF THE ISSUES

1. Whether the United States Court of International Trade (the trial court) correctly dismissed Acquisition 362, LLC dba Strategic Import Supply's (Acquisition) complaint for lack of subject matter jurisdiction under 28 U.S.C. § 1581(a) because Acquisition failed to file timely protests after liquidation of the entries by U.S. Customs and Border Protection (Customs).

2. Whether the trial court properly denied Acquisition's motion to reconsider dismissal of the action for lack of jurisdiction under 28 U.S.C. § 1581(a) and properly denied as futile Acquisition's request to amend its complaint to assert a new claim under the court's residual jurisdiction, 28 U.S.C. § 1581(i), because an adequate remedy under section 1581(a) would have been available to Acquisition had it filed protests in a timely manner.

## STATEMENT OF THE CASE

This appeal concerns an action commenced by Acquisition at the Court of International Trade alleging jurisdiction under 28 U.S.C. § 1581(a) challenging Customs' liquidation of entries that were subject to countervailing duties (CVDs). The trial court dismissed the action for lack of subject matter jurisdiction because Acquisition failed to timely protest Customs' liquidation of its entries within 180 days as required by 19 U.S.C. § 1514(c)(3)(A), which is a condition precedent to jurisdiction under 28 U.S.C. § 1581(a).[1]

After dismissal, Acquisition filed a motion for reconsideration based on alleged "newly-discovered evidence" involving a separate protest. Acquisition also attempted to amend its complaint to state a new claim under the trial court's residual jurisdiction, 28 U.S.C. § 1581(i). The trial court denied Acquisition's motion for reconsideration and request to amend the complaint because the "newly-discovered evidence" did not change the fact that the protests for the entries at issue in this case were untimely filed. Because an adequate remedy under section 1581(a) would have been available to Acquisition had it filed protests in a timely manner, section 1581(i) may not be invoked, thereby making any amendment to its complaint futile.

---

[1] Section 1581(a) provides that: "The Court of International Trade shall have exclusive jurisdiction of any civil action commenced to contest the denial of a protest, in whole or in part, under section 515 of the Tariff Act of 1930."

## I. FACTUAL BACKGROUND

The relevant facts of this case concerning jurisdiction are straightforward. This case involves entries of passenger vehicle and light truck tires from the People's Republic of China that were subject to a CVD order. Appx29-31. At entry, Acquisition deposited CVDs at a rate of 30.61 percent, the rate assigned to the manufacturer Shandong Zhongyi Rubber Co., Ltd. Appx31.

Customs liquidated the entries from October 19, 2018 to November 9, 2018 at the 30.61 percent CVD rate. Appx10, Appx32, Appx35-36. On June 17, 2019, the U.S. Department of Commerce (Commerce) issued its Amended Final Results following an administrative review of the CVD order. Appx31. On December 12, 2019 and December 13, 2019, Acquisition protested Customs' liquidations of the subject entries. Appx35-36. Specifically, Acquisition challenged the CVD rate applied to its merchandise and claimed that the correct CVD rate was 15.56 percent. Appx31. All of the protests were filed more than one year after Customs liquidated the subject entries. Customs denied the protests on April 24, 2020, on the grounds that the protests were untimely. Appx4.

## II. PROCEEDINGS BEFORE THE TRIAL COURT

Acquisition filed suit in the Court of International Trade seeking a refund for CVDs it had paid for the importation of its merchandise claiming jurisdiction under 28 U.S.C. § 1581(a). Despite acknowledging that it filed its protests outside

the statutorily required 180-day post-liquidation time period, Acquisition nonetheless urged the trial court to exercise jurisdiction over the action. Acquisition argued that the protests were timely because they were filed within 180 days of Customs' receipt of instructions from Commerce's completed administrative review. According to Acquisition, the 180 days started running from Commerce's Amended Final Results and not, as statutorily mandated, from the date of liquidation of the subject entries.

We moved to dismiss Acquisition's case for lack of subject matter jurisdiction for failure to timely protest the applicable Customs decision here – the liquidation of Acquisition's entries. On April 21, 2021, the trial court granted the motion to dismiss and entered judgment in favor of the United States. *Acquisition 362, LLC DBA Strategic Import Supply v. United States*, Slip Op. No. 21-46 (Ct. Int'l Trade Apr. 21, 2021), Appx1-11.

The trial court held that it lacked subject matter jurisdiction because the precondition for 28 U.S.C. § 1581(a) jurisdiction – a valid protest under 19 U.S.C. § 1514 – was absent. Appx9-10. The trial court explained that "[a] timely protest of Customs' liquidation [of the entries at issue] had to be filed within 180 days of that liquidation", which Acquisition undisputedly failed to do. Appx10. The trial court also rejected Acquisition's argument that the protests were timely "'because they were filed within 180 days following the issuance of the decision to

implement the Amended Final Results' supplied by Commerce to Customs." Appx10. The trial court reasoned that "determinations of countervailing duty and antidumping duty rates are not Customs decisions", Appx9, and that Acquisition otherwise "cannot (and has not) identified a Customs decision that it timely protested." Appx11.

Acquisition subsequently filed a motion for reconsideration of the trial court's decision to dismiss the case, citing "newly-discovered evidence" – namely, that Customs assessed a lower CVD rate on a different entry after Acquisition filed a protest that was allegedly similar to the protests in this action. Appx15-16. In Acquisition's view, such evidence demonstrated that Customs was incorrect in denying the protests that led to this action. Alternatively, Acquisition sought leave to amend its complaint to assert a new claim under 28 U.S.C. § 1581(i) jurisdiction.

On September 20, 2021, the trial court denied Acquisition's motion for reconsideration and request to amend its complaint. *Acquisition 362, LLC DBA Strategic Import Supply v. United States*, Slip Op. No. 21-120 (Ct. Int'l Trade Sept. 20, 2021), Appx12-21. Explaining that Acquisition's claims failed "not because of substance but because of procedure," the trial court held that "it matters not that Customs applied the 'wrong' rate; this Court lacks jurisdiction to hear Plaintiff's suit to contest the error because Plaintiff waited too long to protest." Appx20-21.

The trial court further observed: "That Plaintiff later filed a timely protest of a different liquidation cannot grant the Court jurisdiction to review previous, untimely protests." Appx21. The trial court also denied as futile Acquisition's request to amend its complaint to assert jurisdiction under 28 U.S.C. § 1581(i), holding that section 1581(i) may not be invoked because Acquisition would have had an adequate remedy under section 1581(a) had it filed protests within 180 days of Customs' liquidation of the entries. Appx22. Thus, Acquisition's "proposed complaint amendment would be of no use." Appx22.

This appeal followed.

## SUMMARY OF ARGUMENT

This Court should affirm the trial court's judgment. As the trial court correctly held, it lacked subject matter jurisdiction under 28 U.S.C. § 1581(a) over this action because Acquisition failed to file timely protests challenging Customs' liquidations of its entries.

Despite Acquisition's contentions to the contrary, the protestable decision at issue was Customs' liquidation of Acquisition's entries. Acquisition was required to file a protest within 180 days of that liquidation. Here, as the trial court correctly determined, Acquisition had the opportunity to, but did not, timely file a protest with Customs and subsequently invoke jurisdiction pursuant to section 1581(a). Acquisition's mistaken belief that a protest could have been filed with

Customs only after Commerce issued the CVD rate is neither supported by the statute nor case law.

Acquisition also fails to demonstrate that the trial court should have invoked jurisdiction pursuant to section 1581(i) because the remedy under section 1581(a) was manifestly inadequate. Notwithstanding the fact that Commerce's administrative review upon which Acquisition relies for the applicable CVD rate was ongoing when Customs liquidated the entries, Acquisition could have filed a protest challenging the liquidation. Indeed, Acquisition actually timely protested a separate entry and received a refund, thus demonstrating the adequacy of section 1581(a)'s remedy. And, contrary to Acquisition's assertions, filing a protest within the 180-day post-liquidation time period would not have been a "sham" or "futile."

## ARGUMENT

### I. STANDARD OF REVIEW

This Court reviews *de novo* the Court of International Trade's grant of a motion to dismiss for lack of jurisdiction. *See, e.g.*, *JCM, Ltd. v. United States*, 210 F.3d 1357, 1359 (Fed. Cir. 2000). Subject matter jurisdiction "involves a court's power to hear a case, [and it] can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002). It is a plaintiff's burden to demonstrate that subject matter jurisdiction exists. *Design Int'l Group, Inc. v. United States*, 113 F. Supp. 3d 1342, 1344 (Ct. Int'l Trade 2015) (quoting *Techsnabexport, Ltd. v.*

*United States*, 795 F. Supp. 428, 432 (Ct. Int'l Trade 1992) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936))).

## II. THE TRIAL COURT CORRECTLY HELD THAT IT LACKED SUBJECT MATTER JURISDICTION UNDER 28 U.S.C. § 1581(a)

This Court should affirm the trial court's judgment, as the trial court correctly dismissed Acquisition's complaint for lack of subject matter jurisdiction. Acquisition sought to bring its claims under 28 U.S.C. § 1581(a) which gives the Court of International Trade exclusive jurisdiction over "any civil action commenced to contest the denial of a protest, in whole or in part, under section 515 of the Tariff Act of 1930." 28 U.S.C. § 1581(a). The trial court correctly found that Acquisition failed to satisfy the mandatory precondition for section 1581(a) jurisdiction – a timely protest under 19 U.S.C. § 1514 – and therefore the court lacked subject matter jurisdiction over the case.

The types of Customs decisions that are subject to protest are enumerated in 19 U.S.C. § 1514(a), and they include:

> 1. the appraised value of merchandise;
>
> 2. the classification and rate and amount of duties chargeable;
>
> 3. all charges or exactions of whatever character within the jurisdiction of the Secretary of the Treasury;
>
> 4. the exclusion of merchandise from entry or delivery or a demand for redelivery to customs custody under any

> provision of the customs laws, except a determination appealable under [19 U.S.C. § 1337];
>
> 5. the liquidation or reliquidation of an entry, or reconciliation as to the issues contained therein, or any modification thereof, including the liquidation of an entry, pursuant to either [19 U.S.C. § 1500] or [19 U.S.C. § 1504];
>
> 6. the refusal to pay a claim for drawback; or
>
> 7. the refusal to reliquidate an entry under subsection (d) of [19 U.S.C. § 1520].

In order to challenge these decisions by Customs, a timely protest must be filed within 180 days after the date of liquidation. *See* 19 U.S.C. §§ 1514(a) and 1514(c)(3)(A).[2] Unless a protest is filed within the required time limits, these decisions become final and conclusive. 19 U.S.C. § 1514(a).

Jurisdiction under section 1581(a) "is limited to appeals of valid and timely protests that have been denied by Customs." *Ovan Int'l, Ltd. v. United States*, 49 F. Supp. 3d 1327, 1331 (Ct. Int'l Trade 2015) (citing 28 U.S.C. § 1581(a)). It is well-established that for the Court to have jurisdiction under section 1581(a), the protests must first have been filed timely, and that a protest that is filed untimely is considered to be invalid. *See Koike Aronson, Inc. v. United States*, 165 F.3d 906,

[2] Section 1514(c)(3) provides that: "A protest of a decision, order, or finding described in subsection (a) shall be filed with the Customs Service within 180 days after but not before—(A) date of liquidation or reliquidation, or (B) in circumstances where subparagraph (A) is inapplicable, the date of the decision as to which protest is made."

908 (Fed. Cir. 1999) (per curiam) (finding that "section 1581(a) limits the jurisdiction of the Court of International Trade to appeals from denials of valid protests"); *Juice Farms, Inc. v. United States,* 68 F.3d 1344 (Fed. Cir. 1995); *see also Industrial Chemicals, Inc. v. United States*, 335 F. Supp. 3d 1327 (Ct. Int'l Trade 2018); *Halperin Shipping Co., Inc. v. United States*, 742 F. Supp. 1163 (Ct. Int'l Trade 1990); *Everflora Miami, Inc. v. United States*, 885 F. Supp. 243 (Ct. Int'l Trade 1995).

This Court's decision in *Juice Farms* is instructive here. *Juice Farms, Inc. v. United States*, 68 F.3d 1344 (Fed. Cir. 1995). In that case, Customs liquidated the entries although Commerce suspended liquidation of the importer's entries pending an administrative review. *Juice Farms*, 68 F.3d at 1345. After the administrative review proceedings concluded, the importer learned of Customs' premature liquidations and requested that Customs refund the duties. *Id.* Juice Farms protested the liquidations, but Customs denied the protests as untimely. *Id.* This Court held that all liquidations "are subject to the protest requirement" and that "[w]ithout a timely protest, all liquidations become final and conclusive under 19 U.S.C. § 1514." *Id.* at 1346. *See also Alden Leeds Inc. v. United States*, 476 F. App'x 393, 398 (Fed. Cir. 2012).

Similarly, here, the trial court properly held that it lacked jurisdiction to hear Acquisition's claims under section 1581(a) because Acquisition failed to timely

protest the liquidation of the subject entries. Appx10-11. The trial court explained that the "application of the allegedly improper countervailing duty rates to Plaintiff's entries occurred from October 19 through November 9, 2018, when Customs liquidated Plaintiff's entries." Appx10. On these facts, a protest could only have been brought under 19 U.S.C. § 1514(a)(5) to challenge Customs' liquidation decision of the entries. 19 C.F.R. § 159.1 (Liquidation is "the final computation or ascertainment of duties on entries for consumption or drawback entries."). Acquisition was required to file a protest within 180 days of that liquidation in order to challenge the amount it was assessed, which it admittedly failed to do. Accordingly, there was no valid protest to support the trial court's jurisdiction under section 1581(a).

Acquisition does not dispute that it failed to file a protest within 180 days of liquidation; rather, it argues that the measurement of the 180-day time period should run from another unidentified Customs' decision and not the date of liquidation. Appellant Br. at 12, 18. According to Acquisition, there are "two distinct mechanisms for calculating when a protest is timely for purposes of 28 U.S.C. § 1581(a)": "the traditional calculation" under 19 U.S.C. § 1514(c)(3)(A) following liquidation; and "another calculation" under 19 U.S.C. § 1514(c)(3)(B) following "another decision not involving either liquidation or reliquidation." Appellant Br. at 12. According to Acquisition, this case falls within the latter

category because the decision it sought to protest was not Customs' liquidation of its entries but one involving 19 U.S.C. § 1514(a)(2) ("the classification and rate and amount of duties chargeable"). Appellant Br. at 18. Acquisition further contends that the trial court "was so singularly focused on the fact that A362 did not file its Protests within the 180 days following the date of liquidation that it did not properly analyze whether the Protests were timely under the alternative sections of the statutes that allow for timely protests to decisions other than those involving liquidation." Appellant Br. at 18. Acquisition, however, neglects to identify the Customs' decision it relies on, fails to articulate how that purported Customs' decision falls under section 1514(a)(2), and misunderstands that section 1514(c)(3)(B) only applies in circumstances where there is no liquidation or reliquidation.

Section 1514(c)(3) provides that a protest shall be filed "within 180 days after but not before":

> (A) date of liquidation or reliquidation, or
>
> (B) in circumstances where subparagraph (A) is inapplicable, the date of the decision as to which protest is made.

The statutory terms of section 1514(c)(3) make clear that section 1514(c)(3)(B) applies only "in circumstances where subparagraph (A) is inapplicable" and, here, subparagraph (A) applies. As the trial court found, Acquisition is challenging the liquidation decision of Customs by protest and fails to identify any other

protestable Customs' decision. Appx10. Having missed its chance to protest the liquidation, Acquisition is simply attempting to alter the trigger of the 180-day clock to fit the facts of its erroneous actions. Acquisition's statutory interpretation is untenable, and there is no reason to disregard Customs' liquidation and measure the 180-day period from something other than the date of liquidation.

Acquisition not only fails to identify a Customs' decision it timely protested, vaguely stating "[i]f there was a protestable decision" (Appellant Br. at 18), but Acquisition also misunderstands the applicable framework governing protests. By law, CBP is required to "fix the final amount of duty to be paid on such merchandise and determine any increased or additional duties, taxes, and fees due or any excess of duties, taxes, and fees deposited." 19 U.S.C. § 1500(c). CBP is also required to "liquidate" entries, which is defined as "the final computation or ascertainment of duties on entries for consumption or drawback entries." 19 U.S.C. § 1500(d); 19 C.F.R. § 159.1 (2020). The decision to include CVDs in the liquidation of Acquisition's entries as part of the computation or ascertainment of duties on entries is a protestable Customs decision. *See* 19 U.S.C. § 1514(a)(5). Thus, the date on which Acquisition's entries were liquidated is the correct starting point for calculating the 180-day protest period of section 1514. Contrary to Acquisition's position, there is no other Customs decision, and Acquisition "cannot (and has not) identified a Customs decision that it timely protested." Appx11.

In its protests, Acquisition challenged Customs' failure to apply a lower CVD rate to its entries and refund the amount it believes it overpaid. Appx31. Acquisition's challenge is to Customs' decision to assess CVDs as encompassed in the liquidation of the entries and, per 19 U.S.C. § 1514(c)(3)(A), its protests must have been filed "within 180 days after but not before" the date of liquidation. Yet, it is uncontroverted that the protests covering the entries at issue were filed more than 180 days after all of the entries had liquidated and, therefore, the protests at issue are untimely. Because the protests are untimely, there is no jurisdiction over this action.

Acquisition asserts that there was nothing to protest during the 180-day post-liquidation time period because the amended CVD rate was unknown, and that it essentially would be filing a "sham protest." Appellant Br. at 18-19. Acquisition is incorrect. Acquisition is seeking to have Customs apply the lower rate (that was determined by Commerce at the end of the administrative review) to its entries. If Acquisition believed that it was entitled to the application of this rate, then equally it would have been operating under an expectation that the liquidation of its entries was suspended during the pendency of the review. *See Am. Power Pull Corp. v. United States*, 121 F. Supp. 3d 1296, 1300-01 (Ct. Int'l Trade 2015) (explaining the statutory scheme for the suspension of liquidation). Thus, when CBP liquidated the entries prior to the conclusion of the review, alarm bells should have

gone off for Acquisition as the liquidations would have been in contravention to its expectation of a suspension. And regardless of whether the final CVD rate was known at the time of liquidation, Acquisition should have filed a protest to challenge Customs' alleged premature liquidations. Although we do not concede that Customs' liquidations were premature here, this Court has made it clear that Acquisition's recourse to challenge the amount of duties assessed, would have been to file a protest challenging Customs' action of alleged premature liquidations. *See Carbon Activated Corp. v. United States*, 791 F.3d 1312 (Fed. Cir. 2015).

In *Carbon Activated*, Customs prematurely liquidated the importer's entries in 2008 at the cash deposit rate of 67.14 percent *ad valorem* when it should have waited until the final results and judicial review thereof were completed, which resulted in an antidumping duty rate of 16.35 percent *ad valorem*. 791 F.3d at 1313-14. Carbon Activated did not protest the liquidation of its entries until well after the 180-day period following liquidation. *Id.* This Court upheld the lower court's dismissal of the case for lack of jurisdiction, stating that "if Customs disregards Commerce's suspension instructions and liquidates the entries, an importer may protest the liquidation pursuant to 19 U.S.C. § 1514." *Id.* at 1315. Carbon Activated argued that filing a protest under section 1514 would not have been an adequate remedy because it could not have known the final rate until the

final judgment after judicial review was issued. This Court disagreed, stating that "the protest could have been filed and action on the protest delayed until the final rate was available." *Id.* The Court found that Carbon Activated could have pursued a remedy under section 1514 by protesting the erroneous liquidations, but that it failed to timely protest. *Id.* at 1316. Having failed to file a protest within 180 days of liquidation, liquidation "shall be final and conclusive upon all persons" per 19 U.S.C. § 1514(c)(3)(A).

Acquisition advances a similar claim — that it did not know that it was entitled to a lower CVD rate until well after the entries were liquidated and, thus, had no basis upon which to protest the liquidations. Appellant Br. at 18-19. However, *Carbon Activated* makes it clear that Acquisition's recourse was to file a protest challenging the liquidations that occurred in 2018 had it believed that the liquidation of its entries should have remained suspended pending Commerce's administrative review, and that action on the protests could have been delayed until the final rate was available. Accordingly, the trial court correctly held that it lacked jurisdiction over Acquisition's claims, and this Court should affirm the trial court's judgment.

## III. THE TRIAL COURT PROPERLY DECLINED TO RECONSIDER ITS DISMISSAL OF THE ACTION AND PROPERLY DENIED AS FUTILE ACQUISITION'S REQUEST TO AMEND ITS COMPLAINT TO ASSERT 28 U.S.C. § 1581(i) JURISDICTION

Following the trial court's dismissal of its action, Acquisition moved for reconsideration alternatively contending that the trial court had jurisdiction under section 1581(i) to review its claims because section 1581(a) provides a manifestly inadequate remedy. Appellant Br. at 23-26. According to Acquisition, because filing a protest prior to Commerce's Amended Final Results would have been a "sham" and "futile", it "had no actual remedy available at any point under 1581(a) once the CVD rate changed . . . ." Appellant Br. at 25-26. Acquisition's argument is without merit, and the trial court correctly denied its reconsideration request.

It is well-settled that 28 U.S.C. § 1581(i) "embodies a residual grant of jurisdiction [that] may not be invoked when jurisdiction under another subsection of [section] 1581 is or could have been available, unless the remedy provided under that other subsection would be manifestly inadequate." *Sunpreme Inc. v. United States*, 892 F.3d 1186, 1191 (Fed. Cir. 2018) (*Sunpreme I*) (cleaned up); *see also Chemsol, LLC v. United States*, 755 F.3d 1345, 1354 (Fed. Cir. 2014) ("[W]hen relief is prospectively and realistically available under another subsection of 1581, invocation of subsection (i) is incorrect.") (citations omitted); *Erwin Hymer Grp. N. Am., Inc. v. United States*, 930 F.3d 1370, 1374 (Fed. Cir. 2019) ("an overly broad interpretation of § 1581(i) would otherwise threaten to

swallow the specific grants of jurisdiction contained within the other subsections.") (cleaned up).

This Court's "unambiguous precedents . . . make clear that [section 1581(i)'s] scope is strictly limited," and that statutory procedures "cannot be easily circumvented." *Int'l Custom Prods., Inc. v. United States*, 467 F.3d 1324, 1327 (Fed. Cir. 2006) (cleaned up). Thus, "where a litigant has access to [the trial court] under traditional means, such as 28 U.S.C. § 1581(a), it must avail itself of this avenue of approach complying with all the relevant prerequisites thereto." *American Air Parcel Forwarding Co., Ltd. v. United States*, 718 F.2d 1546, 1549 (Fed. Cir. 1983) (citation omitted). As further explained in *American Air Parcel*, "the legislative history of the Customs Courts Act of 1980 demonstrates that Congress did not intend the Court of International Trade to have jurisdiction over appeals concerning completed transactions when the appellant had failed to utilize an avenue for effective protest before the Customs Service." *Id.* (quoting *United States v. Uniroyal, Inc.*, 687 F.2d 467, 471 (C.C.P.A. 1982)).

As the trial court correctly held, it lacked jurisdiction to hear Acquisition's claims pursuant to section 1581(i) because section 1581(a) already served as a source of jurisdiction over its claims. That Acquisition had failed to timely avail itself of section 1581(a) jurisdiction, does not constitute manifest inadequacy. The trial court explained that Acquisition "had at least one clear route to properly

invoke" the court's jurisdiction. Had Acquisition "filed its protest within 180 days of Customs's liquidation of the challenged entries", the trial court "would have had jurisdiction to review Customs's decision." Appx21. Thus, because "'another subsection of 1581 is or could have been available'" and that remedy would not be "'manifestly inadequate,'" Section 1581(i) "'may not be invoked.'" Appx21 (citations omitted).

Acquisition argues that the remedy under section 1581(a) would have been manifestly inadequate because if Acquisition "had filed a sham protest prior to the issuance of the Amended Final Results, it would have had no different rate to allege and no legal basis to claim a refund." Appellant Br. at 25. In other words, in Acquisition's view, filing a protest within 180 days of liquidation would have been futile because Commerce's administrative review was ongoing and the applicable CVD rate was unknown. Acquisition misses the point. Acquisition could have filed protests to obtain any benefit from Commerce's administrative review. Similar to the importer in *Carbon Activated*, *see supra*, Acquisition could have pursued a remedy under section 1514(a) by protesting the liquidation, even if the CVD rate was unknown at the time of liquidation. Because Customs had made a protestable decision in liquidating the subject entries that Acquisition expected to remain suspended pending the outcome of Commerce's review, timely protests would have allowed Customs to consider the merits of Acquisition's claims.

Acquisition, however, failed to file protests with Customs by the statutorily-mandated deadline, thereby failing to avail itself of the available remedy under section 1581(a).

Importantly, failure to timely file a protest contesting the liquidation of an entry does not render the remedy available under Customs' administrative protest scheme "manifestly inadequate." *Juice Farms*, 68 F.3d at 1346 ("a remedy is not inadequate simply because appellant failed to invoke it within the time frame it prescribes") (internal quotations and citation omitted); *see also Carbon Activated*, 6 F. Supp. 3d at 1380, *aff'd*, 791 F.3d 1312 (Fed. Cir. 2015) ("Plaintiff had an adequate remedy for its alleged erroneous liquidation, but it lost that remedy because its protest was untimely, not because the remedy was inadequate.").

Indeed, Acquisition's proffered "newly-discovered evidence" on reconsideration illustrates the availability of a manifestly adequate remedy under section 1581(a). Acquisition's evidence consisted of an allegedly similar protest to those in this case that it filed with Customs in August 2020 which was granted. Appx16, Appx20. However, there was at least one significant difference. In contrast to the protests at issue here, the protest that Customs granted was timely filed – *i.e.*, within 180 days after the entry was liquidated in compliance with the statutory requirement. Appx20. Accordingly, "[h]aving filed both a timely protest *and* a valid protest, [Acquisition] received the lower rate it sought." Appx20

(emphasis in original). As the trial court aptly observed: "The lesson is both clear and stark: Don't sit on your rights." Appx20.

Acquisition's final argument asserts that jurisdiction under section 1581(i) is proper because Customs acted "in an unjust, arbitrary, and capricious manner" in issuing "internally-inconsistent and self-contradictory decisions." Appellant Br. at 27-20, 29. Acquisition also complains that the trial court erred in assuming the basis for Customs' grant of the August 2020 protest when the record does not state the reason. Appellant Br. at 28. According to Acquisition, while it may be true that the timeliness of the protest factored into Customs' decision to grant the August 2020 protest, "it is equally likely that CBP granted the refund . . . because A362 was entitled to it, for the same substantive reasons A362 was entitled to the refunds requested" here. Appellant Br. at 28. The facts underlying Customs' protest decisions, however, are completely irrelevant to whether jurisdiction exists as a matter of law. As the trial court noted, Acquisition's claims fail "not because of substance but because of procedure." Appx19. "Thus, it matters not that Customs applied the 'wrong' rate; this Court lacks jurisdiction to hear Plaintiff's suit to contest the error because Plaintiff waited too long to protest." Appx20. Simply put, Customs' alleged arbitrary actions – even if true – cannot bestow section 1581(i) jurisdiction when a manifestly adequate remedy under section

1581(a) could have been available to Acquisition had it timely protested the liquidation of the subject entries.

Accordingly, this Court should reject Acquisition's attempt to circumvent the requirements for jurisdiction under section 1581(a) by invoking jurisdiction under section 1581(i), and affirm the trial court's judgment dismissing the case.

## CONCLUSION

For these reasons, we respectfully request that the Court affirm the trial court's judgment.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant
Attorney General

PATRICIA M. McCARTHY
Director

JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office

By: /s/ Aimee Lee
AIMEE LEE
Assistant Director

/s/ Hardeep Kaur Josan
HARDEEP KAUR JOSAN
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
26 Federal Plaza, Suite 326
New York, NY 10278
Telephone: (212) 264-9245
Email: hardeep.k.josan@usdoj.gov

OF COUNSEL:
PAULA S. SMITH
Office of the Assistant Chief Counsel
International Trade Litigation
U.S. Customs and Border Protection

April 8, 2022

Attorneys for Defendant-Appellee

CERTIFICATE OF COMPLIANCE

Pursuant to Rule 32(a)(7)(B) of the Federal Rules of Appellate Procedure, Respondent's counsel certifies that this brief complies with the Court's type-volume limitation rules. This brief was printed in Times New Roman font at 14 points. According to the word-count calculated, using Word, this brief contains a total of 4,891 words, which is within the 14,000 word limit.

/s/ Hardeep Kaur Josan