2022-1161

IN THE

# United States Court of Appeals for the Federal Circuit

ACQUISITION 362, LLC DBA STRATEGIC IMPORT SUPPLY,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

Appeal from the United States Court of International Trade in
Case No. 1:20-cv-03762, Slip Op. No. 21-120 (Sept. 20, 2021)
Judge Stephen Alexander Vaden

# REPLY BRIEF OF PLAINTIFF-APPELLANT ACQUISITION 362, LLC

Heather L. Marx
Thomas G. Wallrich
**Cozen O'Connor**
33 South Sixth Street
Suite 3800
Minneapolis, MN 55402
(612) 260-9000

*Counsel for Plaintiff-Appellant Acquisition 362, LLC dba Strategic Import Supply*

April 29, 2022

# Certificate of Interest





## UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF INTEREST

**Case Number** 22-1161

**Short Case Caption** Acquisition 362, LLC v. US

**Filing Party/Entity** Acquisition 362, LLC

**Instructions:** Complete each section of the form. In answering items 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance. **Please enter only one item per box; attach additional pages as needed and check the relevant box.** Counsel must immediately file an amended Certificate of Interest if information changes. Fed. Cir. R. 47.4(b).

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 11/30/2021

Signature: /s/ Heather L. Marx

Name: Heather L. Marx

| **1. Represented Entities.** Fed. Cir. R. 47.4(a)(1). | **2. Real Party in Interest.** Fed. Cir. R. 47.4(a)(2). | **3. Parent Corporations and Stockholders.** Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.<br><br>☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.<br><br>☐ None/Not Applicable |
| Acquisition 362, LLC dba Strategic Import Supply | | David and Lily Penn, Inc. |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐ Additional pages attached

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☑ None/Not Applicable ☐ Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |
| | | |

**5. Related Cases.** Provide the case titles and numbers of any case known to be pending in this court or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal. Do not include the originating case number(s) for this case. Fed. Cir. R. 47.4(a)(5). See also Fed. Cir. R. 47.5(b).

☑ None/Not Applicable ☐ Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |
| | | |

**6. Organizational Victims and Bankruptcy Cases.** Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑ None/Not Applicable ☐ Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

# TABLE OF CONTENTS

**Page**

STATEMENT OF RELATED CASES ..... 1

JURISDICTIONAL STATEMENT ..... 1

INTRODUCTION ..... 2

LEGAL ARGUMENT ..... 3

I. THE PROPER STANDARD FOR EVALUATING CIT JURISDICTION IN THIS CASE IS ESTABLISHED BY 19 U.S.C. § 1514(c)(3)(B) AND 19 C.F.R. § 174.12(e)(2). ..... 3

A. A362 Had Nothing to Protest Within 180 Days of Liquidation. ..... 4

B. The Correct Trigger for CIT Subject Matter Jurisdiction in this Case is Not Found in the Statutes Governing Liquidation Protests. ..... 11

II. IF THE CIT DID NOT POSSESS JURISDICTION UNDER SECTION 1581(a), CIT JURISDICTION UNDER SECTION 1581(i) IS ESTABLISHED ON THE RECORD. ..... 14

CONCLUSION AND RECOMMENDED APPELLATE REMEDY ..... 16

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Carbon Activated Corp. v. United States*,
791 F.3d 1312 (Fed. Cir. 2015) ....................9, 10

*Hartford Fire Ins. Co. v. United States*,
544 F.3d 1289 (Fed. Cir. 2008) ....................14, 16

*Juice Farms, Inc. v. United States*,
68 F.3d 1344 (Fed. Cir. 1995) ....................9

*Lowa, Ltd. v. United States*,
5 C.I.T. 81, 561 F.Supp. 441 (1983), *aff'd* 724 F.2d 121 (Fed. Cir. 1984) ....................6

*Saab Cars USA, Inc. v. United States*,
434 F.3d 1359 (Fed. Cir. 2006) ....................7

*United States v. E.H. Bailey & Co*.,
32 C.C.P.A. 89 (1944) ....................7

*United States v. Reliable Chem. Co.*,
66 C.C.P.A. 123, 605 F.2d 1179 (1979) ....................6, 15

*XL Specialty Ins. Co. v. United States*,
341 F.Supp.2d 1251 (Ct. Int'l Trade 2004) ....................7

**Statutes**

19 U.S.C. §1514 ....................10

19 U.S.C. §1514(a) ....................9

19 U.S.C. §1514(c)(3) ....................2, 3, 4, 11, 12, 13

28 U.S.C. §1295(a)(5) ....................1

28 U.S.C. §1581(a) ....................*passim*

28 U.S.C. §1581(i) ....................2, 14, 16

28 U.S.C. § 2645(c) .......... 1

**Other Authorities**

19 C.F.R. §174.12(e).......... 2, 3, 4, 12, 13

19 C.F.R. §174.13(a)(6).......... 7, 15

Fed. R. App. P. 4(a)(1).......... 1

Fed. R. App. P. 4(a)(4).......... 1

Rule 47.5(a).......... 1

Rule 47.5(b) .......... 1

Initiation of Antidumping and Countervailing Duty Administrative Reviews, 82 FR 48051 (Oct. 16, 2017) .......... 5, 9, 10

Countervailing Duty Order on Certain Passenger Vehicle and Light Truck Tires from the People's Republic of China: Amended Final Results of Countervailing Duty Administrative Review; 2016, 84 FR 28011 (June 17, 2019) .......... 5

## STATEMENT OF RELATED CASES

Pursuant to Federal Circuit Rule 47.5(a), Plaintiff-Appellant Acquisition 362, LLC dba Strategic Import Supply ("A362") is not aware of any other appeal in or from the same civil action or proceeding in the lower court that was previously before this Court or any other appellate court.

Pursuant to Federal Circuit Rule 47.5(b), A362 is also not aware of any case pending that will directly affect or be directly affected by this appeal.

## JURISDICTIONAL STATEMENT

This case arose from decisions of the U.S. Court of International Trade ("CIT") granting the Motion to Dismiss filed by Appellee-Defendant United States ("Defendant") in case No. 1:20-cv-03762-SAV for lack of subject matter jurisdiction. Appx1-21. This Court has jurisdiction to hear this appeal pursuant to 28 U.S.C. §1295(a)(5) as an appeal from a final decision of the CIT that disposed of all parties' claims.

This appeal is timely under 28 U.S.C. § 2645(c) and Federal Rules of Appellate Procedure 4(a)(1) and 4(a)(4). A362 filed its notice of appeal to this Court on November 11, 2021, within sixty days of the CIT's final judgment issued on September 20, 2021. Appx12-21.

## INTRODUCTION

The opening brief from A362 in this appeal explained that the CIT possessed jurisdiction over A362's claims pursuant to 28 U.S.C. §1581(a). The support for establishing jurisdiction under 28 U.S.C. §1581(a), and what the CIT failed to acknowledge, lies in the jurisdictional standards established by 19 U.S.C. § 1514(c)(3)(B) and 19 C.F.R. § 174.12(e)(2), which standards are different than those stated in alternative sections of the statutes - specifically, they are distinct from the standards established in 19 U.S.C. §1514(c)(3)(A) and 19 C.F.R. § 174.12(e)(1). Given the unique facts applicable to this case, the analysis of whether the CIT has jurisdiction under 28 U.S.C. §1581(a) must examine the standards under 19 U.S.C. § 1514(c)(3)(B) and 19 C.F.R. § 174.12(e)(2), not the other, alternative jurisdictional mechanisms. Indeed, on the facts at hand, if the CIT did not possess jurisdiction under 28 U.S.C. §1581(a), then, as A362 also analyzed, it is axiomatic that it possessed jurisdiction 28 U.S.C. §1581(i).

The arguments made by Defendant in opposition to this jurisdictional discussion continue, as they did before the CIT, to focus myopically on the wrong jurisdictional trigger in an effort to avoid examination of the ultimate fact that U.S. Customs and Border Protection ("CBP") failed to issue A362 a significant refund that should have occurred automatically and without ***any*** action being needed at all by A362. Defendant continues to insist that the proper jurisdictional trigger in this

case is the 180-day deadline to file a protest following liquidation of a customs entry, and the majority of Defendant's briefing is devoted to this off-topic discussion.

When Defendant does ultimately address the jurisdictional standard actually at issue, the case law on which it relies for its opposition is inapposite, and the adoption of its argument would now set the standard that, as a matter of law, an importer must make assumptions and file premature, incomplete, sham protests in contravention of well-established case law and in order to preordain CBP's decision not to undertake its refund obligations in order to preserve rights to owed refunds. That simply is not what the law requires, nor does that argument find support in the factual record at hand.

For the reasons set forth below, this Court should properly reject Defendant's arguments, reverse the CIT's dismissal for lack of subject matter jurisdiction, and remand this matter for substantive proceedings before the CIT.

## LEGAL ARGUMENT

### I. THE PROPER STANDARD FOR EVALUATING CIT JURISDICTION IN THIS CASE IS ESTABLISHED BY 19 U.S.C. § 1514(c)(3)(B) AND 19 C.F.R. § 174.12(e)(2).

Defendant's primary contention throughout its brief to this Court mirrors its argument to the CIT and is almost exclusively focused on the contention that the appropriate mechanism for establishing CIT subject matter jurisdiction under 28 U.S.C. §1581(a) in this case is found in 19 U.S.C. §1514(c)(3)(A) and 19 C.F.R.

§174.12(e)(1). Defendant persists in its attempts to improperly oversimplify the analysis that must be undertaken on the facts at hand by repeatedly returning to the mantra that A362 "was required to file a protest within 180 days" of liquidation, and "[b]ecause [A362's] protests are untimely, there is no jurisdiction in this action." Def. Brief at 6, 14. However, both components of this argument fail when examined against the undisputed facts of this case and also find no support in the cases cited by Defendant.

### A. A362 Had Nothing to Protest Within 180 Days of Liquidation.

First, Defendant is incorrect that A362 had to file a protest within 180 days of the liquidation of its entries. Defendant simply employs the wrong legal standard when it argues that the CIT's subject matter jurisdiction under 28 U.S.C. §1581(a) could only have been established in this case through a protest filed within the 180-day period following liquidation, i.e., that the invocation of Section 1581(a) jurisdiction had to occur here through the jurisdictional mechanism established by 19 U.S.C. §1514(c)(3)(A) and 19 C.F.R. §174.12(e)(1). Defendant attempts to engineer support for the application of this standard by arguing that A362 "should have been operating under an expectation that the liquidation of its entries was suspended during the pendency of the [CVD rate] review" and "regardless of whether the final CVD rate was known at the time of liquidation, [A362] should

have filed a protest to challenge Customs' premature liquidations." Def. Brief at 14-15.

What this argument overlooks (or perhaps attempts to obscure) is the unique record of the actual facts in this case. It is undisputed here that Commerce's administrative review of the correct countervailing duty ("CVD") rate applicable to passenger vehicle and light truck tires from China that entered the country between August 1, 2016 and July 31, 2017 (the "Period of Review") began on October 16, 2017. *See Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 82 FR 48051 (Oct. 16, 2017). During the entirety of this administrative review by Commerce, the CVD rate applicable to all subject entries was 30.61%, which was the rate A362 paid when it imported tires manufactured by Shandong Zhongyi Rubber Co., Ltd. ("Zhongyi") and subject to the CVD Order. Appx29-31.

The administrative review of the CVD rate continued from October 16, 2017 until June 17, 2019, when Commerce issued Amended Final Results, changing the CVD rate assessed to subject entries made during the Period of Review from 30.61% to 15.56%. *See Countervailing Duty Order on Certain Passenger Vehicle and Light Truck Tires from the People's Republic of China: Amended Final Results of Countervailing Duty Administrative Review; 2016*, 84 FR 28011 (June 17, 2019); *see also* Appx31. In the middle of that nearly two-year period, the entries made by

A362 during the Period of Review were liquidated by CBP at the 30.61% duty rate then in effect. Appx35-36. As such, and as explained in detail in A362's original briefing, the 180-day period for A362 to protest the liquidation of its entries expired on May 8, 2019, well before the June 17, 2019 issuance of amended CVD rates.

Despite this undisputed timing, Defendant now attempts to impose on A362 a legal obligation to assume that the CVD rate would change as to Zhongyi (who was not a mandatory respondent) as a product of the administrative review, to further assume that the hypothetical change in the CVD rate would be to A362's benefit, and then use that assumed and hypothetical change to the CVD rate as a *required* basis for A362 to file a mandatory protest for any liquidation of entries that occurred well in advance of A362 receiving any actual notice as to if or how the CVD rate would change. *See* Def. Brief at 14-16. There simply is no support in the law or the facts of this case for this new legal obligation or the use of assumptions and hypotheticals to try to justify what would be a sham protest at any point during the 180 days following liquidation.

As A362 pointed out in its initial brief, there is no dispute that courts have repeatedly held that premature protests are legally ineffective and do not constitute a proper basis for invoking CIT jurisdiction. *See, e.g., United States v. Reliable Chem. Co.,* 66 C.C.P.A. 123, 128, 605 F.2d 1179, 1184 (1979) (confirming even equitable legal principles cannot provide jurisdiction when a protest was filed

prematurely); *Lowa, Ltd. v. United States*, 5 C.I.T. 81, 86, 561 F.Supp. 441, 445 (1983), *aff'd* 724 F.2d 121 (Fed. Cir. 1984) (holding that a premature protest "may not serve as a basis for invoking this court's jurisdiction under 28 U.S.C. §1581(a)").

In order for a protest to be properly timed – i.e., not premature and thereby legally ineffective – the importer filing the protest has to have a "justification for the objection." 19 C.F.R. §174.13(a)(6). This Court has expressly warned that the "courts have generally denied the validity of protests on two broad grounds: overbreadth and indefiniteness. It is clear, for example, that a 'blanket protest' raising every conceivable ground for protest is overbroad and therefore invalid, because it fails to 'apprise[] the collector and the court of real claims as distinguished from possible claims.'" *Saab Cars USA, Inc. v. United States*, 434 F.3d 1359, 1366 (Fed. Cir. 2006), quoting *Lichtenstein v. United States*, 1 Ct. Cust. 79, 82 (1910). *See also XL Specialty Ins. Co. v. United States*, 341 F.Supp.2d 1251, 1255–56 (Ct. Int'l Trade 2004) (holding a protest invalid because, *inter alia*, it "merely listed every possible objection to Customs' liquidation and did not include any reasons to support those objections"); *United States v. E.H. Bailey & Co.*, 32 C.C.P.A. 89, 98 (1944) (ruling that "[a] protest is not sufficient ... which alleges merely that the amount of duties assessed by the collector is erroneous," because "[s]uch a blanket form, if sufficient, could be used in every case").

The only argument Defendant made to this Court in an effort to overcome the undisputed fact that A362 had nothing to protest within the 180-day period following liquidation – i.e., A362 had no new established CVD rate, no amount of alleged overpayment, indeed no legal basis for assuming adjustment of the CVD rate would occur at all – is that somehow A362 needed to protest the very fact that its entries were liquidated at all during the pendency of the administrative CVD rate review.[1] Def. Brief at 15. In fashioning this argument, Defendant imposes on A362 the requirement to "operat[e] under an expectation that the liquidation of its entries was suspended during the pendency of the review." *Id*. at 14.

Not only does this argument also impose another obligation that exists nowhere in the statutes or the case law, but it again fails to acknowledge the facts of this case. A362 was in a unique position at the time the entries in question were liquidated. Unlike the importers in the cases cited by Defendant, this was not a case of Customs suspending A362's entries and later erroneously liquidating them. In both cases cited by Defendant, the importers had a basis to protest the fact that liquidation occurred, because the liquidation itself was improper. Quite to the contrary here, when the entries at issue were liquidated, the fact that liquidation

---

[1] In spite of its own argument that a protest disputing the fact of liquidation was an avenue of potential relief from A362, Defendant tacitly recognizes the failure of that suggestion and explicitly disputes any allegation there was a "premature liquidation" by CBP. Def. Brief at 15.

occurred did not itself give A362 any basis for a protest – liquidation in this context was not procedurally premature or improper just because it happened to occur during the pendency of the administrative CVD rate review.

An examination of the two cases cited by Defendant as attempted support for Defendant's argument that A362 should have protested the fact that liquidation occurred confirms there is no support for Defendant's position. First, the *Juice Farms* case stands for the proposition that the limitations period set forth in 19 U.S.C. §1514(a) applies equally to legal and illegal liquidations. *See Juice Farms, Inc. v. United States*, 68 F.3d 1344, 1345 (Fed. Cir. 1995). In *Juice Farms*, Commerce suspended liquidation of an importer's entries pending an administrative review, but Customs liquidated the entries in violation of that suspension. *Id.* Years later, the importer learned of the improper liquidation and protested the liquidations. *Id*. Given the timing, CBP denied the protests as untimely. *Id*.

The analysis contained in the *Juice Farms* case is simply not relevant to the case at hand. There is no allegation or evidence here that Commerce suspended liquidation of A362's entries. *See Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 82 FR 48051 (Oct. 16, 2017). Without that, there is no basis to allege improper liquidation and nothing for A362 to protest when liquidation occurred.

Similarly, the *Carbon Activated Corp. v. United States* cited by Defendant is also inapposite. As occurred in *Juice Farms*, in the *Carbon Activated* case, Commerce instructed CBP to suspend liquidation of entries imported during the period under review. *See Carbon Activated Corp. v. United States*, 791 F.3d 1312, 1313 (Fed. Cir. 2015). Despite this explicit instruction, CBP liquidated the entries under review. *Id*. Because the importer did not file a protest of the liquidation within 180 days, this Court agreed the CIT lacked jurisdiction to hear the importer's appeal of CBP's actions. *Id*. at 1317.

What Defendant overlooks in citing this case is that immediately when CBP liquidated the entries at issue in *Carbon Activated*, the importer had a basis to protest the liquidation of the entries, because that liquidation occurred in direct contravention to a Commerce directive. *See* 791 F.3d at 1315 (holding that "[i]f, however, Customs disregards Commerce's suspension instructions and liquidates the entries, an importer may protest the liquidation pursuant to 19 U.S.C. §1514"). Again, that is not the case here. At the time the liquidations at issue occurred in late 2018, A362 was subject to the 30.61% rate A362 paid upon entry of the merchandise in 2016, and no directive was issued by Commerce to suspend application of that CVD rate or otherwise preclude liquidation by CBP. *See Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 82 FR 48051 (Oct. 16, 2017).

Instead, in this case, at the time the entries were liquidated and through the 180 days that followed, A362 had no legal basis to argue that the fact liquidation occurred was improper. Similarly, at the time of liquidation and in the 180 days that followed, A362 had no new CVD rate for suggested application, no legal basis to request the imposition of a new rate, and no legally-sustainable argument to make that the rate its entries should have been assessed during the Period of Review was anything other than 30.61%. When the rate ultimately did change, and when CBP decided not to act in compliance with Commerce's directive to issue appropriate refunds, it was then that A362 could – and did – appropriately file its protests. Given these facts and the legal standard, it cannot be held that A362 "was required to file a protest within 180 days" of liquidation as Defendant alleges, and Defendant's argument in this regard is properly rejected.

### B. The Correct Trigger for CIT Subject Matter Jurisdiction in this Case is Not Found in the Statutes Governing Liquidation Protests.

Considering A362 did not have anything to protest within the 180 days following liquidation, nor any reason to protest the liquidation itself (and with an understanding of the overall context that A362 should have had to do ***nothing*** at all to receive the refunds to which it was entitled), it necessarily follows that the jurisdictional statute regarding the deadline for filing a protest to liquidation is wholly inapplicable.

As A362 discussed in detail in its original briefing, the governing statutes anticipate that a protest to liquidation will not be the only kind of protest an importer may need to file, and those statutes provide an alternative means to obtain jurisdiction under 28 U.S.C. §1581(a) – that established by 19 U.S.C. §1514(c)(3)(B) and 19 C.F.R. §174.12(e)(2). Specifically, 19 U.S.C. §1514(c)(3) indicates that:

> (3) A protest of a decision, order, or finding described in subsection (a) shall be filed with the Customs Service within 180 days after but not before—
>
> > (A) date of liquidation or reliquidation, ***or***
> >
> > (B) in circumstances where subparagraph (A) is inapplicable, ***the date of the decision as to which protest is made.***

19 U.S.C. §1514(c)(3) (emphasis added). In turn, 19 C.F.R. §174.12(e) allows protests to be made "within 180 days of a decision relating to an entry made on or after December 18, 2004, after any of the following… (1) The date of notice of liquidation or reliquidation, or the date of liquidation or reliquidation, as determined under §§159.9 or 159.10 of this chapter; ***or*** (2) ***The date of the decision, involving neither a liquidation nor reliquidation, as to which the protest is made....***" 19 C.F.R. §174.12(e) (emphasis supplied). These jurisdictional avenues are separate and distinct from the avenues regarding a protest to liquidation, and they are the mechanism through which the CIT had jurisdiction over A362's claims.

Furthermore, and contrary to Defendant's arguments, the factual record here demonstrates there was a decision by CBP not to act on Commerce's instruction in regard to A362's entries, which A362 timely protested. Specifically, once the Amended Final Results were issued in June 2019, the ITA issued Message No. 9184301 to CBP on July 3, 2019, giving CBP authority and instruction (for the first time) to assess CVD liability, in relevant part, to Zhongyi at the rate of 15.56%. Appx61. CBP decided not to do as instructed by Message No. 9184301 or undertake its legal obligation to issue refunds to A362. As a result, A362 acted with all diligence to protest CBP's decision to refuse issuance of the requisite automatic refunds, and A362's actions are timely on this record because they occurred within 180 days of when CBP first had authority and instruction to issue the refunds.

On this factual record, the use of the jurisdictional triggers found in 19 U.S.C. §1514(c)(3)(B) and 19 C.F.R. §174.12(e)(2) is both necessary and warranted. While Defendant admits this is a separate, available standard, its arguments revolve around attempts to force the use of the other jurisdictional avenues (those found in 19 U.S.C. §1514(c)(3)(A), and 19 C.F.R. §174.12(e)(1)) on this situation, where that is not appropriate. Despite Defendant's arguments, this is not a liquidation case. This is a case where CBP decided not to do as Commerce ordered, decided not to issue A362 the refunds to which it was automatically entitled

as a matter of law, and where A362 timely challenged that decision not to abide by Commerce's instructions.

Again, on this record, the CIT had jurisdiction under 28 U.S.C. §1581(a) and 19 C.F.R. §174.12(e) to review the claims asserted by A362 in its Complaint, and remand is necessary to allow the substantive examination of those claims.

## II. IF THE CIT DID NOT POSSESS JURISDICTION UNDER SECTION 1581(a), CIT JURISDICTION UNDER SECTION 1581(i) IS ESTABLISHED ON THE RECORD.

Defendant's final argument in this appeal is that the availability of the protest mechanism under 28 U.S.C. §1581(a) precludes the use of 28 U.S.C. §1581(i) jurisdiction for A362's action before the CIT. However, this argument essentially removes the long line of well-established cases that provide for Section 1581(i) jurisdiction when the potential avenues for jurisdiction under Section 1581(a) are "manifestly unreasonable." In this case, if the Court upholds the CIT's decision that it lacked jurisdiction under Section 1581(a) because A362's protests were "untimely," it is axiomatic that Section 1581(a) was a manifestly inadequate remedy for A362 in these circumstances given the chronology of events at hand, providing the CIT subject matter jurisdiction under Section 1581(i).

While Congress has not precisely defined a "manifestly inadequate remedy," this Court has explained that the protest must be an "exercise in futility, or 'incapable of producing any result; failing utterly of the desired end through intrinsic defect;

useless, ineffectual, vain.'" *Hartford Fire Ins. Co. v. United States*, 544 F.3d 1289, 1294 (Fed. Cir. 2008) (emphasis omitted) (citing *Int'l Custom Prods., Inc. v. United States*, 467 F.3d 1324, 1328 (Fed. Cir. 2006)).

As set forth above, as soon as A362 had a legally-sustainable basis to protest, it filed the protests. Appx35-36. If those protests were untimely when measured against the date of liquidation, it is axiomatic that A362 had only a manifestly unreasonable remedy under 28 U.S.C. §1581(a). For Section 1581(a) jurisdiction to apply in this case, and for A362 to file a protest within the 180 days following liquidation, A362 is forced to assume at least two factors - that the CVD rate would change regarding Zhongyi products as a result of Commerce's review and that the hypothetical change in the CVD rate would be to A362's benefit. Then, based off of these assumed and hypothetical changes to the CVD rate, A362 would have to protest liquidation that occurred well in advance of A362 receiving any actual notice as to if or how the CVD rate would change.

As this Court well knows, premature protests are legally ineffective and do not constitute a proper basis for invoking CIT jurisdiction. *See United States v. Reliable Chem. Co.*, 66 C.C.P.A. 123, 127-28, 605 F.2d 1179, 1183 (1979). Here, the limitations imposed by the statute (i.e., the 180-day timeframe in which to protest the liquidation of the entries) and A362's obligation to refrain from premature protests put A362 in an impossible situation. While Defendant attempts to

characterize A362's actions as untimely, A362 in fact acted in compliance with 28 U.S.C. §1581(a) and filed a protest as soon as it had a sustainable legal basis – the "justification for the objection" required by 19 C.F.R. §174.13(a)(6) - to protest the entries. If, given the unique nature of this timeline, the basis for that protest did not arise until *after* the filing deadline passed, A362's compliance with 28 U.S.C. §1581(a) is "incapable of producing any result; failing utterly of the desired end through intrinsic defect; useless, ineffectual, vain'" and as such it is a "manifestly inadequate remedy, which allows the CIT to utilize its residual jurisdiction under 28 U.S.C. §1581(i). *See Hartford*, 544 F.3d at 1294 (emphasis omitted).

## **CONCLUSION AND RECOMMENDED APPELLATE REMEDY**

For the reasons detailed above, Plaintiff-Appellant Acquisition 362, LLC respectfully requests this Court enter judgment in its favor and reverse the CIT's dismissal for lack of subject matter jurisdiction, remanding this case for a substantive determination before the CIT.

Respectfully submitted,

Dated: April 29, 2022

**COZEN O'CONNOR**

By: /s/ Heather L. Marx .
Heather L. Marx
Thomas G. Wallrich
33 South Sixth Street, Suite 3800
Minneapolis, MN 55402
Telephone: 612-260-9000
Fax: 612-260-9084
hmarx@cozen.com
twallrich@cozen.com

*Attorneys for Plaintiff-Appellant Acquisition 362 dba Strategic Import Supply*

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATIONS

**Case Number:** 2022-1161

**Short Case Caption:** Acquisition 362, LLC v. United States

**Instructions:** When computing a word, line, or page count, you may exclude any items listed as exempted under Fed. R. App. P. 5(c), Fed. R. App. P. 21(d), Fed. R. App. P. 27(d)(2), Fed. R. App. P. 32(f), or Fed. Cir. R. 32(b)(2).

The foregoing filing complies with the relevant type-volume limitation of the Federal Rules of Appellate Procedure and Federal Circuit Rules because it meets one of the following:

- [x] the filing has been prepared using a proportionally-spaced typeface and includes 3,746 words.
- [ ] the filing has been prepared using a monospaced typeface and includes ________ lines of text.
- [ ] the filing contains ________ pages / ________ words / ________ lines of text, which does not exceed the maximum authorized by this court's order (ECF No. ________).

Date: 04/29/2022

Signature: /s/ Heather L. Marx

Name: Heather L. Marx

FORM 30. Certificate of Service

Form 30
July 2020

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF SERVICE

**Case Number** 2022-1161

**Short Case Caption** Acquisition 362, LLC v. United States

**NOTE:** Proof of service is only required when the rules specify that service must be accomplished outside the court's electronic filing system. See Fed. R. App. P. 25(d); Fed. Cir. R. 25(e). Attach additional pages as needed.

I certify that I served a copy of the foregoing filing on ______________

by ☑ U.S. Mail ☐ Hand Delivery ☑ Email ☐ Facsimile
☑ Other: CM/ECF filing

on the below individuals at the following locations.

| Person Served | Service Location (Address, Facsimile, Email) |
|---|---|
| Hardeep Kaur Josan | United States Department of Justice<br>26 Federal Plaza, Suite 326, New York, NY 10278<br>hardeep.k.josan@usdoj.gov |
| Justin R. Miller | United States Department of Justice<br>26 Federal Plaza, Suite 326, New York, NY 10278<br>justin.r.miller@usdoj.gov |
| Aimee Lee | United States Department of Justice<br>26 Federal Plaza, Suite 326, New York, NY 10278<br>aimee.lee@usdoj.gov |
| Paula S. Smith | United States Customs and Border Protection<br>26 Federal Plaza, Suite 258, New York, NY 10278<br>paula.smith@cbp.dhs.gov |
| | |

☐ Additional pages attached.

Date: 04/29/2022

Signature: /s/Heather L. Marx

Name: Heather L. Marx