**Appeal No. 2022-1161**

# United States Court of Appeals
# For The Federal Circuit

ACQUISITION 362, LLC DBA STRATEGIC IMPORT SUPPLY,

*Plaintiff-Appellant*,

—v.—

UNITED STATES,

*Defendant-Appellee.*

Appeal from the United States Court of International Trade
in Court No 20-cv-03762, Judge Stephen Alexander Vaden

## SUPPLEMENTAL BRIEF FOR DEFENDANT-APPELLEE, UNITED STATES

BRIAN M. BOYNTON
Principal Deputy Assistant
Attorney General

PATRICIA M. MCCARTHY
Director

JUSTIN R. MILLER
Attorney-in-Charge
International Trade Field Office

AIMEE LEE
Assistant Director

HARDEEP KAUR JOSAN
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Deptment of Justice
26 Federal Plaza, Suite 346
New York, New York 10278
Tel. No. (212) 264-9245
Email: hardeep.k.josan@usdoj.gov
*Attorneys for Defendant-Appellee*

OF COUNSEL:

PAULA S. SMITH
Office of the Assistant Chief Counsel
International Trade Litigation
U.S. Customs and Border Protection

Dated: November 22, 2022

Pursuant to the Court's November 8, 2022 Order, the United States, Appellee, submits this supplemental brief in response to the Court's questions.

**INTRODUCTION**

This appeal concerns an action commenced by Appellant, Acquisition 362, LLC dba Strategic Import Supply (Acquisition), at the Court of International Trade alleging jurisdiction under 28 U.S.C. § 1581(a) challenging U.S. Customs and Border Protection's (Customs) liquidation of entries that were subject to countervailing duties (CVDs). Although Acquisition challenged Customs' liquidation of its entries at a particular CVD rate, Acquisition failed to timely protest within 180 days of the liquidations as required by 19 U.S.C. § 1514(c)(3)(A),[1] which is a condition precedent to jurisdiction under 28 U.S.C. § 1581(a).[2] Entries that are not timely protested become "final and conclusive upon all persons (including the United States and any officer thereof)…". 19 U.S.C. § 1514(a). Thus, the issue before the Court is whether the United States Court of International Trade correctly dismissed Acquisition's complaint for lack of subject

---

[1] Section 1514(c)(3) provides that: "A protest of a decision, order, or finding described in subsection (a) shall be filed with the Customs Service within 180 days after but not before—(A) date of liquidation or reliquidation, or (B) in circumstances where subparagraph (A) is inapplicable, the date of the decision as to which protest is made."

[2] Section 1581(a) provides that: "The Court of International Trade shall have exclusive jurisdiction of any civil action commenced to contest the denial of a protest, in whole or in part, under section 515 of the Tariff Act of 1930."

matter jurisdiction under 28 U.S.C. § 1581(a) because Acquisition failed to file timely protests after liquidation of the entries by Customs.

Acquisition's entries of passenger vehicle and light truck tires from the People's Republic of China were subject to a CVD order. Appx29-31. At entry, Acquisition deposited CVDs with Customs at a rate of 30.61 percent, the rate assigned to the manufacturer Shandong Zhongyi Rubber Co., Ltd. (Shandong). Appx31.

Customs liquidated the entries from October 19, 2018 to November 9, 2018 at the 30.61 percent CVD rate. Appx10, Appx32, Appx35-36. On December 12, 2019 and December 13, 2019, Acquisition protested Customs' liquidations of the subject entries. Appx35-36. Specifically, Acquisition challenged the CVD rate applied to its merchandise and claimed that the correct CVD rate was 15.56 percent. Appx31. Acquisition filed each of its protests more than one year after Customs liquidated the subject entries. Customs denied the protests on April 24, 2020, on the grounds that the protests were untimely. Appx4.

The trial court dismissed the case for lack of subject matter jurisdiction, due to Acquisition's failure to protest within 180 days of liquidation as required by 19 U.S.C. § 1514(c)(3)(A), which is a jurisdictional prerequisite for civil actions brought to contest the denial of a protest under 28 U.S.C. § 1581(a). Accordingly, the record before the trial court does not contain the facts relating to the merits of

Acquisition's claims, including whether the entries were suspended or subject to an ongoing administrative review by Commerce. We respond to the Court's questions based on our current understanding of the facts as they pertain to Acquisition's claims.

## RESPONSES PURSUANT TO COURT ORDER

**(1) Whether the August 10, 2015, Countervailing Duty (CVD) Order[3] suspended liquidation of imports subject to the administrative review for the period of review from January 1, 2016, to December 31, 2016 (2016 POR).**

Generally, a countervailing duty order "provides the legal basis for the suspension of liquidation of imports of subject merchandise that enter for consumption on or after the date of publication of that order, throughout the life of the order, and until the order is revoked." *Am. Power Pull Corp. v. United States*, 121 F. Supp. 3d 1296, 1300-01 (Ct. Int'l Trade 2015) (explaining the statutory scheme for the suspension of liquidation within the context of antidumping duty orders, which is analogous to countervailing duty orders); *see also* 19 U.S.C. § 1671e(a) (providing that Commerce shall publish a countervailing duty order and direct Customs to assess a countervailing duty); 19 U.S.C. § 1671d(c) (providing

[3] Certain Passenger Vehicle and Light Truck Tires From the People's Republic of China: Amended Final Affirmative Antidumping Duty Determination and Anti-dumping Duty Order; and Amended Final Affirmative Countervailing Duty Determination and Countervailing Duty Order, 80 Fed. Reg. 47902 (Aug. 10, 2015).

that Commerce shall order the posting of a cash deposit for each entry of subject merchandise upon issuance of a final affirmative determination).[4]

The suspension of liquidation for any given entry, however, is not indefinite. *Am. Power Pull*, 121 F. Supp. 3d at 1301. Pursuant to 19 U.S.C. § 1675, on an annual basis, Commerce may conduct an administrative review of certain producers/exporters to determine the countervailing duty rate to be assessed on their entries during the review period. The suspension of liquidation of the entries subject to the administrative review begins when Commerce publishes an affirmative preliminary determination in a countervailing duty investigation and remains in effect throughout an administrative review. *Am. Power Pull*, 121 F. Supp. 3d at 1301 ("It has long been recognized that the necessary implication of reading section 1673e(a) together with section 1675, *in pari materia*, is that the suspension of liquidation of an entry must remain in effect throughout an administrative review by Commerce."); *see also Aspects Furniture Int'l, Inc. v. United States*, 469 F. Supp. 3d 1359, 1363, n. 2 (Ct. Int'l Trade 2020) ("Liquidation of subject entries is suspended by operation of law when Commerce publishes an affirmative preliminary determination in an antidumping investigation or an affirmative final determination following a negative preliminary

[4] 19 U.S.C. § 1673e(a) and § 1673d(c) provide the analogous provisions for antidumping duty orders.

determination. 19 U.S.C. §§ 1673b(d)(2)(A), 1673d(c)(1)(C). The suspension of liquidation remains in place until the timeframe for requesting a periodic review has expired, 19 C.F.R. § 351.212(c)(1), or Commerce issues the final results of any such review, *id.* § 351.212(b)(1).”); 19 U.S.C. § 1671b(d)(2)(A).

The suspension of liquidation lifts at different times depending upon whether a producer/exporter is being reviewed by Commerce. For example, if a review of that producer/exporter is requested, the suspension of liquidation lifts at the conclusion of an administrative review of the producer/exporter. If no administrative review of the producer/exporter is requested, then the suspension of liquidation lifts after the time period for requesting an administrative review expires. As Commerce explains in its regulations:

> the United States uses a ‘retrospective’ assessment system under which final liability for antidumping and countervailing duties is determined after merchandise is imported. Generally, the amount of duties to be assessed is determined in a review of the order covering a discrete period of time. If a review is not requested, duties are assessed at the rate established in the completed review covering the most recent prior period or, if no review has been completed, the cash deposit rate applicable at the time merchandise was entered.

19 C.F.R. § 351.212(a).

Once suspension of liquidation lifts, pursuant to 19 U.S.C. § 1504(d), Customs has six months from receiving notice of removal of suspension to

liquidate the entries; otherwise, the entries liquidate by operation of law (also known as deemed liquidation). *See Fujitsu Gen. Am., Inc. v. United States*, 283 F.3d 1364, 1376 (Fed. Cir. 2002).

Here, based on the August 10, 2015 CVD Order, Commerce directed Customs to suspend liquidation of entries of subject merchandise and to collect cash deposits effective August 6, 2015. Message No. 5226310 (Aug. 14, 2015), attached as Exhibit A. When Acquisition's merchandise from Shandong entered the United States in 2016, those instructions remained in effect, the liquidation of the entries was automatically suspended, and cash deposits were collected at the rate established in the August 10, 2015 Order. *Id.*

On October 16, 2017, Commerce published a notice of initiation of an administrative review covering Shandong's entries. *See Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 82 Fed. Reg. 48,051 (Oct. 16, 2017) (*Initiation Notice*). Pursuant to that initiation, on November 1, 2017, Commerce directed Customs to continue to suspend liquidation of Shandong's entries because they were subject to the administrative review covering the period January 1, 2016 through December 31, 2016 (2016 POR). Message No. 7305313 (Nov. 1, 2017), attached as Exhibit B.

On September 10, 2018, Commerce published a notice that it was rescinding the administrative review with respect to Shandong because the company timely

withdrew its request for a review. *Certain Passenger Vehicle and Light Truck Tires From the People's Republic of China: Preliminary Results of Countervailing Duty Administrative Review and Rescission, in Part*, 83 Fed. Reg. 45,611 (Sept. 10, 2018). Subsequently, on September 26, 2018, Commerce informed Customs that it had rescinded the administrative review with respect to Shandong, that entries associated with Shandong were no longer subject to suspension, and directed Customs to liquidate those entries and assess countervailing duties at the cash deposit rate required at the time of entry. Message No. 8269302 (Sept. 26, 2018), attached as Exhibit C. Pursuant to those instructions, Customs liquidated Acquisition's entries at issue in October and November 2018, and assessed CVDs at the rate Acquisition deposited at entry (*i.e.*, 30.61 percent).

Pursuant to 19 U.S.C. § 1514, Acquisition was required to protest Customs' liquidations of its entries within 180 days, otherwise such liquidations would become final and conclusive as to all persons. Acquisition mistakenly believes that the liquidations were not subject to an administrative protest because at the time of liquidation Commerce's 2016 POR was not complete, and therefore Acquisition did not know that the CVD rate would decrease. As an initial matter, it is unclear on what basis Acquisition could assert that its entries should have been assessed CVDs at the rate of 15.56 percent when Shandong's entries were not subject to Commerce's administrative review for the 2016 POR, and when Commerce never

instructed Customs to assess CVDs on Shandong's entries at any rate other than at the cash deposit rate required at entry. *See* Message No. 8269302 (Sept. 26, 2018), attached as Exhibit C.

Notwithstanding, Acquisition appears to be claiming that Shandong was subject to Commerce's 2016 POR under an "alternate company name," Dongying Zhongyi Rubber Co., Ltd. (Dongying), and that Dongying's rate of 15.56 percent should have applied to Acquisition's entries. *See Initiation Notice*, 82 Fed. Reg. 48,051; Message No. 7305313 (Nov. 1, 2017), attached as Exhibit B (listing Dongying as one of the companies subject to Commerce's 2016 POR administrative review); *see also Amended Final Results*, 84 Fed. Reg. 28,011; Message No. 9184301 (July 3, 2019), attached as Exhibit D (listing Dongying's CVD rate as 15.56 percent). If Acquisition believed that Customs applied the wrong rate in liquidating its entries, Acquisition should have protested Customs' liquidations on the basis that Commerce's administrative review of Dongying's 2016 POR was ongoing and not yet final, and that Customs' liquidations were therefore premature. Thus, Acquisition is incorrect that there was nothing to protest at the time Customs liquidated its entries.

**(2) Whether any other order suspended such liquidation during the administrative review for the 2016 POR. If so, the government shall provide a copy of any such order and indicate whether the order was a public document.**

No. *See* response to (1) above. All the referenced Messages from

Commerce to Customs are public documents.

**(3) Whether any statutory provision or regulation provides for automatic suspension of liquidation upon the initiation of an administrative review of a CVD order.**

As explained in response to (1) above, a countervailing duty order "provides the legal basis for the suspension of liquidation of imports of subject merchandise that enter for consumption on or after the date of publication of that order, throughout the life of the order, and until the order is revoked." *Am. Power Pull Corp.*, 121 F. Supp. 3d at 1300-01(explaining the statutory scheme for the suspension of liquidation within the context of antidumping duty orders, which is analogous to countervailing duty orders); *see also* 19 U.S.C. § 1671e(a) (providing that Commerce shall publish a countervailing duty order and direct Customs to assess a countervailing duty); 19 U.S.C. § 1671d(c) (providing that Commerce shall order the posting of a cash deposit for each entry of subject merchandise upon issuance of a final affirmative determination).

Pursuant to 19 U.S.C. § 1675, on an annual basis, Commerce may conduct an administrative review of certain producers/exporters to determine the countervailing duty rate to be assessed on their entries during the review period. The suspension of liquidation of the entries subject to the administrative review begins when Commerce publishes an affirmative preliminary determination in a countervailing duty investigation and remains in effect throughout an

administrative review. *Am. Power Pull*, 121 F. Supp. 3d at 1301 ("It has long been recognized that the necessary implication of reading section 1673e(a) together with section 1675, *in pari materia*, is that the suspension of liquidation of an entry must remain in effect throughout an administrative review by Commerce."); *see also Aspects Furniture Int'l, Inc. v. United States*, 469 F. Supp. 3d 1359, 1363, n. 2 (Ct. Int'l Trade 2020) ("Liquidation of subject entries is suspended by operation of law when Commerce publishes an affirmative preliminary determination in an antidumping investigation or an affirmative final determination following a negative preliminary determination. 19 U.S.C. §§ 1673b(d)(2)(A), 1673d(c)(1)(C). The suspension of liquidation remains in place until the timeframe for requesting a periodic review has expired, 19 C.F.R. § 351.212(c)(1), or Commerce issues the final results of any such review, *id.* § 351.212(b)(1)."); 19 U.S.C. § 1671b(d)(2)(A).

The legal framework, reading 19 U.S.C. § 1671e(a) with 19 U.S.C. § 1675, means "that the suspension of liquidation of an entry must remain in effect throughout an administrative review by Commerce." *Am. Power Pull*, 121 F. Supp. 3d at 1301. If, as here, an administrative review is requested and then withdrawn, the suspension of liquidation lifts when Commerce rescinds the review of that company.

**(4) Whether the liquidation of plaintiff's entries on October 19, 2018, October 26, 2018, and November 9, 2018, violated any order suspending liquidation.**

No. The information available (namely, the documents and data filed by Acquisition in conjunction with the entries and protests, and the complaint) indicates that Customs did not err in liquidating Acquisition's entries. Had Acquisition timely filed an administrative protest (and subsequently commenced a section 1581(a) case), Acquisition could have submitted additional information to demonstrate that it was entitled to the rate assigned to Dongying, which appears to be the basis for its current claims.

**(5) Whether plaintiff's entries were subject to the administrative review for the 2016 POR.**

No. As explained in response to (1) above, although Commerce initiated an administrative review with respect to Shandong during the 2016 POR, Commerce subsequently rescinded that administrative review at Shandong's request. *See* Message No. 7305313 (Nov. 1, 2017), attached as Exhibit B, and Message No. 8269302 (Sept. 26, 2018), attached as Exhibit C. Indeed, Shandong is not listed as a reviewed company in Commerce's Amended Final Results (84 Fed. Reg. 28,011, June 17, 2019) or in the subsequent liquidation instructions Commerce issued to Customs providing the CVD rate for the companies Commerce reviewed for the 2016 POR. *See* Message No. 9184301 (July 3, 2019), attached as Exhibit D.

**(6) If liquidation of plaintiff's entries was not suspended during the 2016 POR, whether plaintiff could have sought suspension from some agency, such as Commerce or Customs, having authority to grant it, whether on the ground that a pending administrative review might affect the proper duty or on any other ground. If so, indicate what statutory provision or regulation provides such authority and when the agency (*e.g.*, Commerce or Customs) would be obligated to grant such a request and when it would have discretion to grant it.**

No. As explained in response to (1) above, initially Acquisition's entries were suspended during Commerce's administrative review of the 2016 POR because Commerce initiated an administrative review with respect to Shandong. Commerce, however, subsequently rescinded that administrative review at Shandong's request. *See* Message No. 7305313 (Nov. 1, 2017), attached as Exhibit B, and Message No. 8269302 (Sept. 26, 2018), attached as Exhibit C. Rescission of the administrative review with respect to Shandong resulted in the removal of suspension of liquidation of the entries at issue.

**(7) Explain the relationship between Acquisition 362, LLC, Shandong Zhongyi Rubber Co., Ltd., and Dongying Zhongyi Rubber Co., Ltd. Explain the effect and relevance of Shandong Zhongyi Rubber Co., Ltd. withdrawing from the review due to its relationship with Dongying Zhongyi Rubber Co., Ltd. See J.A. 3 ("Plaintiff submits [Shandong Zhongyi Rubber Co., Ltd] withdrew its request for review because it was a non-selected company under review under an alternate company name, Dongying Zhongyi Rubber Co., Ltd.").**

Information regarding the relationship between these three entities is unavailable to the government. Given that the case was dismissed on jurisdictional grounds, we neither answered the complaint nor engaged in discovery to ascertain

the veracity of Acquisition's allegations in the complaint, including the reason for Shandong's desire to withdraw its request for the review.

**(8) Whether Shandong Zhongyi Rubber Co., Ltd. withdrawing its individual request for administrative review affected when and why plaintiff's entries were liquidated.**

Yes. Because Shandong withdrew its request for an administrative review of its entries, Commerce rescinded its review of the 2016 POR with respect to Shandong. Such rescission lifted the suspension of liquidation of the entries at issue. *See* Message No. 8269302 (Sept. 26, 2018), attached as Exhibit C ("Notice of the lifting of suspension of liquidation of entries of subject merchandise covered by paragraph 1 occurred with the publication of the notice of rescission in part of administrative review (83 FR 45611, 09/10/2018)."). Accordingly, pursuant to 19 U.S.C. § 1504(d), Customs had six months from notice of removal of suspension to liquidate the entries; otherwise, the entries would liquidate by operation of law (also known as deemed liquidation). *See Fujitsu Gen. Am., Inc. v. United States*, 283 F.3d 1364, 1376 (Fed. Cir. 2002).

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant
Attorney General

PATRICIA M. McCARTHY
Director

JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office

By: /s/ Aimee Lee
AIMEE LEE
Assistant Director

/s/ Hardeep Kaur Josan
HARDEEP KAUR JOSAN
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
26 Federal Plaza, Suite 326
New York, NY 10278
Telephone: (212) 264-9245
Email: hardeep.k.josan@usdoj.gov

Attorneys for Defendant-Appellee

OF COUNSEL:
PAULA S. SMITH
Office of the Assistant Chief Counsel
International Trade Litigation
U.S. Customs and Border Protection

November 22, 2022

## CERTIFICATE OF COMPLIANCE

Pursuant to Rule 32(a)(7)(B) of the Federal Rules of Appellate Procedure and the Court's November 8, 2022 Order, Respondent's counsel certifies that this brief complies with the Court's type-volume limitation rules. This brief was printed in Times New Roman font at 14 points. This brief contains a total of 13 pages, which is within the 15-page limit.

/s/ Hardeep Kaur Josan

# EXHIBIT A

| | |
|---|---|
| **MESSAGE NO.** | 5226310 |
| **MESSAGE DATE** | 08/14/2015 |
| **STATUS** | Active |
| **INACTIVATED DATE** | |
| **TYPE** | ORD-Order |
| **FR CITE** | 80 FR 47902 |
| **SUB-TYPE** | |
| **FR DATE** | 08/10/2015 |
| **CATEGORY ACCESS** | CVD |
| **EFFECTIVE DATE** | 08/06/2015 |
| **TYPE** | Public ☑ Non-Public ☐ |
| **POI/POR DATE** | 01/01/2013 - 12/31/2013 |
| **Notice of lifting of Suspension Date** | |
| **PERIOD COVERED** | - |
| **SHORT CASE NAME** | Passenger & Light Truck Tires |
| **COURT CASE #s** | |
| **REF MESSAGE #s** | 6350306 |
| **PRINCIPAL CASE #s** | C570017 |
| **3rd Country CASE #s** | |

**RE:** Countervailing duty order and amended final determination on certain passenger vehicle and light truck tires from the Peoples Republic of China (C-570-017)

1. On 08/10/2015, Commerce published in the Federal Register its countervailing duty order and amended final determination on certain passenger vehicle and light truck tires from the Peoples Republic of China (80 FR 47902).

2. The merchandise covered by this order is passenger vehicle and light truck tires. Passenger vehicle and light truck tires are new pneumatic tires, of rubber, with a passenger vehicle or light truck size designation. Tires covered by this investigation may be tube-type, tubeless, radial, or non-radial, and they may be intended for sale to original equipment manufacturers or the replacement market.

Subject tires have, at the time of importation, the symbol DOT on the sidewall, certifying that the tire conforms to applicable motor vehicle safety standards. Subject tires may also have the following prefixes or suffix in their tire size designation, which also appears on the sidewall of the tire:

Prefix designations:
P - Identifies a tire intended primarily for service on passenger cars
LT- Identifies a tire intended primarily for service on light trucks

Suffix letter designations:
LT - Identifies light truck tires for service on trucks, buses, trailers, and multipurpose passenger vehicles used in nominal highway service.

All tires with a P or LT prefix, and all tires with an LT suffix in their sidewall markings are covered by this investigation regardless of their intended use.

In addition, all tires that lack a P or LT prefix or suffix in their sidewall markings, as well as all tires that include any other prefix or suffix in their sidewall markings, are included in the scope, regardless of their intended use, as long as the tire is of a size that is among the numerical size designations listed in the passenger car section or light truck section of the Tire and Rim Association Year Book, as updated annually, unless the tire falls within one of the specific exclusions set out below.

Passenger vehicle and light truck tires, whether or not attached to wheels or rims, are included in the scope. However, if a subject tire is imported attached to a wheel or rim, only the tire is covered by the scope.

Specifically excluded from the scope of this investigation are the following types of tires:
(1) racing car tires; such tires do not bear the symbol DOT on the sidewall and may be marked with ZR in size designation;
(2) new pneumatic tires, of rubber, of a size that is not listed in the passenger car section or light truck section of the Tire and Rim Association Year Book;
(3) pneumatic tires, of rubber, that are not new, including recycled and retreaded tires;
(4) non-pneumatic tires, such as solid rubber tires;
(5) tires designed and marketed exclusively as temporary use spare tires for passenger vehicles

which, in addition, exhibit each of the following physical characteristics:
(a) the size designation and load index combination molded on the tires sidewall are listed in Table PCT-1B (T Type Spare Tires for Temporary Use on Passenger Vehicles) of the Tire and Rim Association Year Book,
(b) the designation T is molded into the tires sidewall as part of the size designation, and,
(c) the tires speed rating is molded on the sidewall, indicating the rated speed in MPH or a letter rating as listed by Tire and Rim Association Year Book, and the rated speed is 81 MPH or a M rating;
(6) tires designed and marketed exclusively for specialty tire (ST) use which, in addition, exhibit each of the following conditions:
(a) the size designation molded on the tires sidewall is listed in the ST sections of the Tire and Rim Association Year Book,
(b) the designation ST is molded into the tires sidewall as part of the size designation,
(c) the tire incorporates a warning, prominently molded on the sidewall, that the tire is For Trailer Service Only or For Trailer Use Only,
(d) the load index molded on the tires sidewall meets or exceeds those load indexes listed in the Tire and Rim Association Year Book for the relevant ST tire size, and
(e) either
(i) the tires speed rating is molded on the sidewall, indicating the rated speed in MPH or a letter rating as listed by Tire and Rim Association Year Book, and the rated speed does not exceed 81 MPH or an M rating; or
(ii) the tires speed rating molded on the sidewall is 87 MPH or an N rating, and in either case the tires maximum pressure and maximum load limit are molded on the sidewall and either
(1) both exceed the maximum pressure and maximum load limit for any tire of the same size designation in either the passenger car or light truck section of the Tire and Rim Association Year Book; or
(2) if the maximum cold inflation pressure molded on the tire is less than any cold inflation pressure listed for that size designation in either the passenger car or light truck section of the Tire and Rim Association Year Book, the maximum load limit molded on the tire is higher than the maximum load limit listed at that cold inflation pressure for that size designation in either the passenger car or light truck section of the Tire and Rim Association Year Book;
(7) tires designed and marketed exclusively for off-road use and which, in addition, exhibit each of the following physical characteristics:
(a) the size designation and load index combination molded on the tires sidewall are listed in the off-the-road, agricultural, industrial or ATV section of the Tire and Rim Association Year Book,
(b) in addition to any size designation markings, the tire incorporates a warning, prominently molded on the sidewall, that the tire is Not For Highway Service or Not for Highway Use,
(c) the tires speed rating is molded on the sidewall, indicating the rated speed in MPH or a letter rating as listed by the Tire and Rim Association Year Book, and the rated speed does not exceed 55 MPH or a G rating, and
(d) the tire features a recognizable off-road tread design.

The products covered by the investigation are currently classified under the following Harmonized

Tariff Schedule of the United States (HTSUS) subheadings: 4011.10.10.10, 4011.10.10.20, 4011.10.10.30, 4011.10.10.40, 4011.10.10.50, 4011.10.10.60, 4011.10.10.70, 4011.10.50.00, 4011.20.10.05, and 4011.20.50.10. Tires meeting the scope description may also enter under the following HTSUS subheadings: 4011.99.45.10, 4011.99.45.50, 4011.99.85.10, 4011.99.85.50, 8708.70.45.45, 8708.70.45.60, 8708.70.60.30, 8708.70.60.45, and 8708.70.60.60. While HTSUS subheadings are provided for convenience and for customs purposes, the written description of the subject merchandise is dispositive.

3. The U.S. International Trade Commission (ITC) determined that critical circumstances do not exist with respect to subject imports from the Peoples Republic of China. As a result of the ITCs negative determination of critical circumstances, Commerce will direct CBP in separate instructions to refund all cash deposits collected on entries of certain passenger vehicle and light truck tires from the Peoples Republic of China which were entered, or withdrawn from warehouse, for consumption on or after 09/02/2014, and before 12/01/2014. The interest provisions of section 778 of the Tariff Act of 1930, as amended, do not apply.

4. For imports of certain passenger vehicle and light truck tires from the Peoples Republic of China, CBP shall suspend liquidation of entries of subject merchandise entered, or withdrawn from warehouse, for consumption on or after 08/06/2015 (date of publication of the International Trade Commission final determination in the Federal Register). Effective 08/06/2015, CBP shall require a cash deposit equal to the percentages identified below.

All Others
Case number: C-570-017-000
Cash Deposit: 30.61%

Producer and/or Exporter: GITI Tire (Fujian) Co., Ltd.
Case number: C-570-017-001
Cash Deposit: 36.79%
Note: This rate also applies to the following companies: GITI Tire (China) Investment Company Ltd., GITI Radial Tire (Anhui) Company Ltd., GITI Tire (Hualin) Company Ltd., GITI Steel Cord (Hubei) Company Ltd., Anhui Prime Cord Fabrics Company Ltd., GITI Tire Corporation, GITI Tire (Anhui) Company Ltd., GITI Greatwall Tire (Yinchuan) Company Ltd., GITI Steel Cord (Anhui) Company Ltd., Anhui Prime Cord Weaving Company Ltd., and Anhui Prime Cord Twisting Company Ltd.

Producer and/or Exporter: Cooper Kunshan Tire Co., Ltd.
Case number: C-570-017-002
Cash Deposit: 20.73%
Note: This rate also applies to the following company: Cooper Chengshan (Shandong) Tire Co., Ltd.

Producer and/or Exporter: Shandong Yongsheng Rubber Group Co., Ltd.
Case number: C-570-017-003

Cash Deposit: 116.33%

5. If there are any questions by the importing public regarding this message, please contact the Call Center for the Office of AD/CVD Operations, Enforcement and Compliance, International Trade Administration, U.S. Department of Commerce at (202) 482-0984. CBP ports should submit their inquiries through authorized CBP channels only. (This message was generated by OVII:EH)

6. There are no restrictions on the release of this information.

Sherri L. Hoffman

# EXHIBIT B

| | | | |
|---|---|---|---|
| **MESSAGE NO.** | 7305313 | **MESSAGE DATE** | 11/01/2017 |
| **STATUS** | Active | **INACTIVATED DATE** | |
| **TYPE** | LIQ-Liquidation | **FR CITE** | 82 FR 48051 |
| **SUB-TYPE** | ALIWE-Auto Liq Exception | **FR DATE** | 10/16/2017 |
| **CATEGORY ACCESS** | CVD | **EFFECTIVE DATE** | 10/16/2017 |
| **TYPE** | **Public** ☑ **Non-Public** ☐ | **POI/POR DATE** | 01/01/2016 - 12/31/2016 |
| **Notice of lifting of Suspension Date** | 10/16/2017 | **PERIOD COVERED** | - |

**SHORT CASE NAME**

Passenger & Light Truck Tires

**COURT CASE #s**

15-00251

**REF MESSAGE #s**

7153301

**PRINCIPAL CASE #s**

C570017

**3rd Country CASE #s**

**RE:** Automatic liquidation instructions for passenger vehicle and light truck tires from the People s Republic of China for the period 01/01/2016 through 12/31/2016 (C-570-017)

1. Commerce does not automatically conduct administrative reviews of countervailing duty orders. Instead, reviews must be requested pursuant to section 751(a)(1) of the Tariff Act of 1930, as amended, and in accordance with 19 CFR 351.213.

2. Commerce has not received a request for an administrative review of the countervailing duty order for the period and on the merchandise identified below except for the firms listed in paragraph 3. Therefore, in accordance with 19 CFR 351.212(c), you are to liquidate all entries for all firms except those listed in paragraph 3 and assess countervailing duties on merchandise entered, or withdrawn from warehouse, for consumption at the cash deposit or bonding rate in effect on the date of entry.

Product: Passenger Vehicle and Light Truck Tires
Country: Peoples Republic of China
Case number: C-570-017
Period: 01/01/2016 through 12/31/2016

3. Entries of merchandise of the firms listed below should not be liquidated until specific instructions are issued. Continue to suspend liquidation of all entries of merchandise exported by the listed firms entered, or withdrawn from warehouse, for consumption during the period 01/01/2016 through 12/31/2016.

Company: Cooper (Kunshan) Tire Co. Ltd.
Case number: C-570-017-002

Company: Shandong Yongsheng Rubber Group Co., Ltd.
Case number: C-570-017-003

No case number was in place during the period of review for the companies listed below. Entries may have been made under C-570-017-000 or other company-specific numbers.

Best Industries Ltd.
BC Tyre Group Limited
Crown International Corporation
Dongying Zhongyi Rubber Co., Ltd.
Hangzhou Yokohama Tire Co., Ltd.
Hankook Tire China Co., Ltd.
Hong Kong Tiancheng Investment & Trading Co., Limited
Hongtyre Group Co.
Jiangsu Hankook Tire Co., Ltd.
Jiangsu Sanhe Aluminum
Kenda Rubber (China) Co., Ltd.
Koryo International Industrial Limited
Kumho Tire Co., Inc.

Mayrun Tyre (Hong Kong) Limited
Qingdao Jinhaoyang International Co., Ltd.
Qingdao Nama Industrial Co., Ltd.
Qingdao Odyking Tyre Co., Ltd.
Qingdao Sentury Tire Co., Ltd.
Roadclaw Tyre (Hong Kong) Limited
Shandong Anchi Tyres Co., Ltd.
Shandong Changfeng Tyres Co., Ltd.
Shandong Changhong Rubber Technology Co., Ltd.
Shandong Guofeng Rubber Plastics Co., Ltd.
Shandong Haohua Tire Co., Ltd.
Shandong Haolong Rubber Co., Ltd.
Shandong Hengyu Science & Technology Co., Ltd.
Shandong Linglong Tyre Co., Ltd.
Shandong Longyue Rubber Co., Ltd.
Shandong New Continent Tire Co., Ltd.
Shandong Province Sanli Tire
Shandong Province Sanli Tire Manufactured Co., Ltd.
Shandong Shuangwang Rubber Co., Ltd.
Shandong Wanda Boto Tyre Co., Ltd.
Shandong Zhongyi Rubber Co., Ltd.
Shengtai Group Co., Ltd.
Shouguang Firemax Tyre Co., Ltd.
The Yokohama Rubber Company, Ltd.
Tyrechamp Group Co., Limited
Winrun Tyre Co., Ltd.
Zhaoqing Junhong Co., Ltd.
Zhongce Rubber Group Company Limited

CBP officers must also examine entries C-570-017-000 and all existing company-specific case numbers to ensure the continued suspension of liquidation of entries during the applicable period of review for the producers and/or exporters listed above.

3b. A New Shipper Review has been requested for the company listed below. Pending a decision by the Department on whether to initiate a review, continue to suspend all entries of merchandise exported by the firm listed below. Do not liquidate entries of merchandise by the firm listed below until specific instructions are issued.

Company: Shandong Yongfeng Tyres Co., Ltd.
Case number: No case number was in place for this company during the period of review. Entries may have been made under A570016-000.

4. The injunction with court number 15-00251 discussed in message number 7153301, dated 06/02/2017, is applicable to the entries that were (i) exported into the United States by Cooper Tire & Rubber Company, and produced by Cooper (Kunshan) Tire Co., Ltd., or Cooper Chengshan (Shandong) Tire Co., Ltd.; (ii) exported and produced by Cooper Chengshan (Shandong) Tire Co., Ltd.; or (iii) exported and produced by Cooper (Kunshan) Tire Co., Ltd. during the period 08/06/2015 through and including the date of publication in the Federal Register of the Notice not in Harmony with the Court's Decision. Accordingly, liquidation of these entries remains enjoined and you are to continue to suspend liquidation of such entries until liquidation instructions are issued.

5. Notice of the lifting of suspension of liquidation of entries of subject merchandise covered by paragraph 2 occurred with the publication of the notice of initiation of administrative review for the 08/2017 anniversary month (82 FR 48051, 10/16/2017). Unless instructed otherwise, for all other shipments of passenger vehicle and light truck tires from the Peoples Republic of China you shall continue to collect cash deposits of estimated countervailing duties for the merchandise at the current rates.

6. The assessment of countervailing duties by CBP on shipments or entries of this merchandise is subject to the provisions of section 778 of the Tariff Act of 1930, as amended. Section 778 requires that CBP pay interest on overpayments or assess interest on underpayments of the required amounts deposited as estimated countervailing duties. The interest provisions are not applicable to cash or bonds posted as estimated countervailing duties before the date of publication of the countervailing duty order. Interest shall be calculated from the date payment of estimated countervailing duties is required through the date of liquidation. The rate at which such interest is payable is the rate in effect under section 6621 of the Internal Revenue Code of 1954 for such period.

7. If there are any questions by the importing public regarding this message, please contact the Call Center for the Office of AD/CVD Operations, Enforcement and Compliance, International Trade Administration, U.S. Department of Commerce at (202) 482-0984. CBP ports should submit their inquiries through authorized CBP channels only. (This message was generated by OVII:AH.)

8. There are no restrictions on the release of this information.

Alexander Amdur

# EXHIBIT C

| | | | |
|---|---|---|---|
| **MESSAGE NO.** | 8269302 | **MESSAGE DATE** | 09/26/2018 |
| **STATUS** | Active | **INACTIVATED DATE** | |
| **TYPE** | LIQ-Liquidation | **FR CITE** | 83 FR 45611 |
| **SUB-TYPE** | PARRES-Partial Rescission | **FR DATE** | 09/10/2018 |
| **CATEGORY ACCESS** | CVD | **EFFECTIVE DATE** | 09/10/2018 |
| **TYPE** | **Public** ☑ **Non-Public** ☐ | **POI/POR DATE** | 01/01/2016 - 12/31/2016 |
| **Notice of lifting of Suspension Date** | 09/10/2018 | **PERIOD COVERED** | - |

**SHORT CASE NAME**

Passenger & Light Truck Tires

**COURT CASE #s**

**REF MESSAGE #s**

**PRINCIPAL CASE #s**

C570017

**3rd Country CASE #s**

**RE:** Rescission of administrative review in part of countervailing duty order on certain passenger vehicle and light truck tires from the People s Republic of China (C-570-017)

1. Commerce has rescinded the administrative review of the countervailing duty order on certain passenger vehicle and light truck tires from the Peoples Republic of China (C-570-017) covering the period 01/01/2016 through 12/31/2016 in part with respect to the firms listed below. You are to assess countervailing duties on this merchandise entered, or withdrawn from warehouse, for consumption during the period 01/01/2016 through 12/31/2016 at the cash deposit rate required at the time of entry.

Liquidate all entries for the following firms:

No case number was in place during the period of review for the companies listed below. Entries may have been made under C-570-017-000 or other company-specific numbers.

Hangzhou Yokohama Tire Co., Ltd.
Kumho Tire Co., Inc.
Shandong Changfeng Tyres Co., Ltd.
Shandong Changhong Rubber Technology Co., Ltd.
Shandong Guofeng Rubber Plastics Co., Ltd.
Shandong Zhongyi Rubber Co.
Shengtai Group Co., Ltd.
Zhongce Rubber Group Company Limited

2. Notice of the lifting of suspension of liquidation of entries of subject merchandise covered by paragraph 1 occurred with the publication of the notice of rescission in part of administrative review (83 FR 45611, 09/10/2018). Unless instructed otherwise, for all other shipments of certain passenger vehicle and light truck tires from the Peoples Republic of China you shall continue to collect cash deposits of estimated countervailing duties for the merchandise at the current rates.

3. There are no injunctions applicable to the entries covered by this instruction.

4. The assessment of countervailing duties by CBP on shipments or entries of this merchandise is subject to the provisions of section 778 of the Tariff Act of 1930, as amended. Section 778 requires that CBP pay interest on overpayments or assess interest on underpayments of the required amounts deposited as estimated countervailing duties. The interest provisions are not applicable to cash or bonds posted as estimated countervailing duties before the date of publication of the countervailing duty order. Interest shall be calculated from the date payment of estimated countervailing duties is required through the date of liquidation. The rate at which such interest is payable is the rate in effect under section 6621 of the Internal Revenue Code of 1954 for such period.

5. If there are any questions by the importing public regarding this message, please contact the Call Center for the Office of AD/CVD Operations, Enforcement and Compliance, International Trade Administration, U.S. Department of Commerce at (202) 482-0984. CBP ports should submit their inquiries through authorized CBP channels only. (This message was generated by OVII:AH.)

6. There are no restrictions on the release of this information.

Alexander Amdur

# EXHIBIT D

| | | | |
|---|---|---|---|
| **MESSAGE NO.** | 9184301 | **MESSAGE DATE** | 07/03/2019 |
| **STATUS** | Active | **INACTIVATED DATE** | |
| **TYPE** | LIQ-Liquidation | **FR CITE** | 84 FR 28011 |
| **SUB-TYPE** | ADMIN RVW-Administrative Rvw | **FR DATE** | 06/17/2019 |
| **CATEGORY ACCESS** | CVD | **EFFECTIVE DATE** | 06/17/2019 |
| **TYPE** | **Public** ☑ **Non-Public** ☐ | **POI/POR DATE** | 01/01/2016 - 12/31/2016 |
| **Notice of lifting of Suspension Date** | 06/17/2019 | **PERIOD COVERED** | - |

**SHORT CASE NAME** Passenger & Light Truck Tires

**COURT CASE #s**

**REF MESSAGE #s**

**PRINCIPAL CASE #s** C570017

**3rd Country CASE #s**

**RE:** Liquidation instructions for passenger vehicle and light truck tires from the People s Republic of China for the period 01/01/2016 through 12/31/2016 (C-570-017)

Case: 22-1161 Document: 33 Page: 38 Filed: 11/22/2022

1. Notice of the lifting of suspension of liquidation of entries of merchandise covered by this message occurred with the publication of the amended final results of administrative review of the countervailing duty order on passenger vehicle and light truck tires from the Peoples Republic of China (C-570-017) for the period 01/01/2016 through 12/31/2016 (84 FR 28011, 06/17/2019).

2. Accordingly, for all shipments of subject merchandise from the producers and/or exporters listed below that were entered, or withdrawn from warehouse, for consumption during the period 01/01/2016 through 12/31/2016, assess a countervailing liability at the following percentages of entered value:

Producer and/or Exporter: Cooper (Kunshan) Tire Co., Ltd.
Case number: C-570-017-002
Final rate: 15.47%

Producer and/or Exporter: BC Tyre Group Limited
Case number: C-570-017-005
Final rate: 15.56%

Producer and/or Exporter: Crown International Corporation
Case number: C-570-017-006
Final rate: 15.56%

Producer and/or Exporter: Hong Kong Tiancheng Investment & Trading Co., Limited
Case number: C-570-017-010
Final rate: 15.56%

Producer and/or Exporter: Kenda Rubber (China) Co., Ltd.
Case number: C-570-017-012
Final rate: 15.56%

Producer and/or Exporter: Qingdao Nama Industrial Co., Ltd.
Case number: C-570-017-020
Final rate: 15.56%

Producer and/or Exporter: Qingdao Odyking Tyre Co., Ltd.
Case number: C-570-017-021
Final rate: 15.56%

Producer and/or Exporter: Qingdao Sentury Tire Co. Ltd.
Case number: C-570-017-022
Final rate: 15.75%

Producer and/or Exporter: Shandong Anchi Tyres Co., Ltd.

Case number: C-570-017-026
Final rate: 15.56%

Producer and/or Exporter: Shandong Haohua Tire Co., Ltd.
Case number: C-570-017-029
Final rate: 15.56%

Producer and/or Exporter: Shandong Hengyu Science & Technology Co., Ltd.
Case number: C-570-017-031
Final rate: 15.56%

Producer and/or Exporter: Shandong Linglong Tyre Co., Ltd
Case number: C-570-017-032
Final rate: 15.56%

Producer and/or Exporter: Shandong Longyue Rubber Co., Ltd.
Case number: C-570-017-033
Final rate: 15.56%

Producer and/or Exporter: Shandong New Continent Tire Co., Ltd.
Case number: C-570-017-034
Final rate: 15.56%

Producer and/or Exporter: Shandong Province Sanli Tire Manufactured Co., Ltd.
Case number: C-570-017-035
Final rate: 15.56%

Producer and/or Exporter: Shouguang Firemax Tyre Co., Ltd.
Case number: C-570-017-039
Final rate: 15.56%

Producer and/or Exporter: Tyrechamp Group Co., Limited
Case number: C-570-017-041
Final rate: 15.56%

Producer and/or Exporter: Zhaoqing Junhong Co., Ltd.
Case number: C-570-017-043
Final rate: 15.56%

Producer and/or Exporter: Shandong Shuangwang Rubber Co., Ltd.
Case number: C-570-017-045
Final rate: 15.56%

Producer and/or Exporter: Best Industries Ltd.
Case number: C-570-017-046
Final rate: 15.56%

Producer and/or Exporter: Dongying Zhongyi Rubber Co., Ltd.
Case number: C-570-017-047
Final rate: 15.56%

Producer and/or Exporter: Hankook Tire China Co., Ltd.
Case number: C-570-017-048
Final rate: 15.56%

Producer and/or Exporter: Hongtyre Group Co.
Case number: C-570-017-049
Final rate: 15.56%

Producer and/or Exporter: Jiangsu Hankook Tire Co., Ltd.
Case number: C-570-017-050
Final rate: 15.56%

Producer and/or Exporter: Jiangsu Sanhe Aluminum
Case number: C-570-017-051
Final rate: 15.56%

Producer and/or Exporter: Koryo International Industrial Limited
Case number: C-570-017-052
Final rate: 15.56%

Producer and/or Exporter: Mayrun Tyre (Hong Kong) Limited
Case number: C-570-017-053
Final rate: 15.56%

Producer and/or Exporter: Qingdao Jinhaoyang International Co., Ltd.
Case number: C-570-017-054
Final rate: 15.56%

Producer and/or Exporter: Roadclaw Tyre (Hong Kong) Limited
Case number: C-570-017-055
Final rate: 15.56%

Producer and/or Exporter: Shandong Haolong Rubber Co., Ltd.
Case number: C-570-017-056

Final rate: 15.56%

Producer and/or Exporter: Shandong Province Sanli Tire
Case number: C-570-017-057
Final rate: 15.56%

Producer and/or Exporter: Shandong Wanda Boto Tyre Co., Ltd.
Case number: C-570-017-058
Final rate: 15.56%

Producer and/or Exporter: Shandong Yongsheng Rubber Group Co., Ltd.
Case number: C-570-017-059
Final rate: 15.56%

Producer and/or Exporter: The Yokohama Rubber Company, Ltd.
Case number: C-570-017-060
Final rate: 15.56%

Producer and/or Exporter: Winrun Tyre Co., Ltd.
Case number: C-570-017-061
Final rate: 15.56%

3. There are no injunctions applicable to the entries covered by this instruction.

4. The assessment of countervailing duties by the CBP on shipments or entries of this merchandise is subject to the provisions of section 778 of the Tariff Act of 1930, as amended. Section 778 requires that CBP pay interest on overpayments or assess interest on underpayments of the required amounts deposited as estimated countervailing duties. The interest provisions are not applicable to cash or bonds posted as estimated countervailing duties before the date of publication of the countervailing duty order. Interest shall be calculated from the date of payment of estimated countervailing duties through the date of liquidation. The rate at which such interest is payable is the rate in effect under section 6621 of the Internal Revenue Code of 1954 for such period.

5. Unless instructed otherwise, for all other shipments of subject merchandise, you shall continue to collect cash deposits of estimated countervailing duties at the current cash deposit rates.

6. If there are any questions by the public regarding this message, please contact the Call Center for the Office of AD/CVD Operations, Enforcement and Compliance, International Trade Administration, U.S. Department of Commerce, at (202) 482-0984. CBP ports should submit their inquiries through authorized CBP channels only. (This message was generated by OVII:AH.)

7. There are no restrictions on the release of this information.

Alexander Amdur